THOMAS COLLINS, JR., APPELLEE, v. JOHN WEISE, JR., APPELLANT.

FILED JUNE 27, 1923. No. 22422.

1. **Negligence:** CARE REQUIRED: MINORS. In determining the degree of care which a boy 16 years of age should exercise, the jury should consider his age, experience, and discretion, as the law does not require of him the same degree of care as it does of an adult, but only such care as one of his own age and experience would ordinarily exercise in his own behalf.

2. **Master and Servant:** NEGLIGENCE: QUESTION FOR JURY. When an inexperienced minor is employed, known by the employer to be such, and put to loading hay and driving a team over dangerous ground, it is the duty of the employer to instruct such youth so that he will understand and appreciate the danger involved and the necessity for the exercise of due care, and if this instruction is not given, and the youth is injured, whether such facts constitute negligence on the part of the employer is a question of fact for the jury.

3. ———: ASSUMPTION OF RISK: QUESTION FOR JURY. There is no presumption that a boy 16 years of age, who has had little experience as a farm laborer, has as much prudence and understanding as an adult, and where such youth is injured while engaged in dangerous work, which he was ordered to do by his employer's foreman in charge of the work, it is for the jury to say, considering his age and experience, whether he assumed the risks of such employment.

APPEAL from the district court for Boone county: A. M. POST, JUDGE. *Affirmed.*

*J. S. Armstrong* and *Williams & Williams,* for appellant.

*Vail & Flory, contra.*

Heard before MORRISSEY, C. J., DAY and ALDRICH, JJ., COLBY and REDICK, District Judges.

COLBY, District Judge.

This is an action for damages alleged to have been sustained by the plaintiff while at work on the farm of defendant as a hired man.

The petition alleges, in substance, that on or about September 14, 1920, and prior thereto the defendant was a farmer engaged in farming in Boone county, and the plaintiff an infant of 16 years, and that on said date the plaintiff was employed, through his father, by defendant to work as a farm hand; that the plaintiff had never been employed to do work of that character, and was wholly ignorant of the proper tools to work with and wholly inexperienced in farm work; that when defendant hired plaintiff he was told by plaintiff's father that plaintiff had never had any experience in driving a team or as a farm laborer, and defendant agreed to look after the teams to be used by plaintiff, and see that he was furnished with a good, reliable team and shown how to handle the team in a safe and careful manner; that defendant put plaintiff to work hauling hay with a team and rack with one Rudolph Hartman, a man 27 years of age, as manager or foreman; that defendant directed the plaintiff to follow the instructions of Hartman as to driving while hauling hay, and to perform his labor in the manner pointed out and to do his work and to get instructions from him as to his farm work; that it was the duty of defendant to provide a skilful and competent man to direct plaintiff in his work when defendant was not with him, but that the defendant, regardless of his duties, negligently and carelessly employed Hartman to supervise and direct the manner of plaintiff's work; that on said September 14, 1920, while the plaintiff was driving a team and hayrack loaded with hay under the direction of the said Hartman over and along a steep and rough hillside, the hayrack tipped over,

compelling plaintiff to jump to the ground, and that in so jumping plaintiff broke his leg in three places between the knee and ankle; that he was seriously and permanently injured and his body otherwise bruised thereby, from which injuries he became and continued to be sick and lame, suffered and still suffers great pain and distress; that such accident and injury were caused by the negligence of said Hartman as foreman of defendant; that the plaintiff, by reason thereof, has been unable to perform any duties as a laborer; that his earning ability, prior to said injury, was $80 a month; that plaintiff has been compelled to pay for medicines, doctors' bills and hospital bills in the sum of $279.16, and the sum of $100 for expenses to Columbus for consultation and entering the hospital there; and that plaintiff was injured in the sum of $10,000, for which he prayed judgment.

The answer is substantially as follows: Defendant admitted that the plaintiff sustained an injury while in the employ of defendant; alleged that plaintiff was well acquainted with all matters pertaining to his employment by defendant, the character of the ground where he was working and the dangers incident thereto, and had a full understanding of the work, and that he continued such work with such understanding; that the alleged injuries received by plaintiff were the result of the risks naturally and ordinarily incident to the work in which he was engaged, and that such injury was assumed by the plaintiff by virtue of his employment; that plaintiff's injury was treated by Dr. Evans of Columbus, Nebraska, and that the plaintiff was in the hospital from September 14, 1920, to October, 1920, when he was discharged and sent home, when the bones were still soft and his ankle in the plaster cast; that afterwards an elastic bandage was substituted, with instructions by the surgeon to be careful and wear a shoe with braces; that plaintiff negligently and carelessly, contrary to such instructions, engaged in wrestling and other rough sports, failed to brace his ankle as

instructed, and thereby caused the injuries complained of; that said injuries received by plaintiff were due to his own carelessness and negligence, and not through any act on the part of the defendant, and that plaintiff's acts were the direct and proximate cause of the injury. The defendant further denied each allegation in the petition not admitted in his answer.

The plaintiff, for reply to defendant's answer, admitted the facts therein as alleged in his petition, but denied all other matters alleged in said answer.

Under the instructions of the court the case was submitted to the jury, who rendered a verdict in favor of plaintiff in the sum of $1,000. A motion for new trial was filed by defendant, overruled, and judgment rendered for the amount of the verdict, and the case is brought to this court by defendant for reversal upon errors assigned.

The first errors in appellant's assignment which we will consider are that the verdict is not sustained by sufficient evidence, is against the weight of the evidence, and is contrary to law.

It is urged by counsel for defendant that it appears of record that defendant furnished plaintiff a gentle team and an experienced man to assist and direct him; that the plaintiff knew the ground over which they were driving, had raked the hay thereon previously, and that the way was open for him and he was told where to drive by the foreman, so that nothing was left undone that could have been done by any reasonable and prudent man for plaintiff's protection; that plaintiff was a boy 16 years of age and was presumed to know that it was dangerous to drive on a hillside, as this would cause the wagon to upset; that the plaintiff had arrived at sufficient years of discretion so that he should have known the dangers incident to driving over ruts, mounds and cat-steps that existed along this hillside, and that the defendant was not obliged to tell plaintiff that it was dangerous to drive over these depressions and elevations

in his road and that he would upset if he did; that the upsetting of the hayrack was caused by the carelessness and negligence of the plaintiff, who should have known the danger incident to driving on a rough hillside, and that the injuries complained of were caused by his own carelessness and negligence.

A consideration of the record and of the evidence introduced does not bear out counsels' statement or convince this court that the injury was caused by the plaintiff's carelessness and negligence, but on the contrary it plainly appears that the road on the hillside along which the plaintiff was directed to drive the team and wagon was in a very dangerous condition; that the mounds and other elevations, ranging over four inches in height in some places, with corresponding depressions in other places, required a skilful and experienced driver, using more than ordinary care and having an accurate knowledge of the roadway.

On its face, under the evidence, it was a difficult and dangerous place to drive and the 16-year-old boy should have been very carefully guarded and instructed by the defendant or his foreman before being permitted to load the hay and drive the team over such a road. No 16-year-old boy could be presumed to have the knowledge and experience necessary to make such a drive in safety, and the evidence shows that the plaintiff was inexperienced in farm work, in driving a team, and in the use of wagons, hayracks and other farm machinery, and had had no experience in driving a team and load of hay on a hillside full of obstructions and depressions that made it unsafe even in the hands of a mature and experienced farmer. The evidence does not show that the defendant or his foreman properly instructed, advised or guarded the youthful and inexperienced plaintiff, or informed him of the dangers of the way.

It seems to this court that on the very face of the evidence the defendant was guilty of almost criminal negligence, and that the testimony was amply sufficient to

support the verdict of the jury, who would have been fully justified in finding for the plaintiff in a much larger amount of damages.

The appellant's next assignment is for errors occurring at the time of the trial objected to by the defendant.

Under this heading counsel for defendant make only the general objection in the assignment of errors and do not call the court's attention to any especially objectionable ruling in the exclusion or admission of evidence made by the lower court during the trial, hence it does not seem necessary for this court to invade the record for the purpose of finding errors in the introduction of evidence which the defendant has not seen fit to point out or specially call this court's attention to.

The remaining assignments of errors from the fifth to the fourteenth, inclusive, are directed toward the instructions given by the court on its own motion or at the request of plaintiff.

Of these instructions the first to which the court's attention is called is number 6, and the objection to it, as set forth, is that it is nowhere alleged in the petition that the work in which the plaintiff was engaged in defendant's behalf was hazardous, and that the plaintiff, being at work as a farm laborer, was not engaged in a hazardous occupation.

Defendant's counsel urged that this instruction was misleading and prejudicial to defendant's cause, because the word "hazardous" is defined to mean "involving danger accompanied with risk," and so a hazardous occupation would be a dangerous occupation, and that no court has so defined work upon a farm.

This argument of defendant's counsel does not appeal strongly to this court. The district court instructed the jury that the work in which plaintiff was engaged in defendant's behalf was hazardous. In this we perceive no error. The evidence shows that the immature youth of 16 years of age was put to work loading hay and driving

a team on a steep hillside, in which he was obliged to load hay and drive over an unknown track occupied and interspersed with mounds, gullies and cat-steps sufficient in size to overturn the wagon, unless the greatest diligence and care were used in its management. It further appears that no information was given as to these obstructions by the foreman to the inexperienced boy, who was loading hay on the rack, except to have the team follow along after him through the spaces where he was dividing the windrows, and that no instructions were given as to the dangers naturally arising from driving along a rough and almost impassable roadway. The instruction of the court in assuming that this work of driving the wagon along this dangerous and almost impassable roadway was hazardous is certainly within the evidence, and the jury could not have been misled by any general terms when they had the facts so plainly given them in the undisputed evidence. The instruction does not say to the jury that the work as a farm laborer, in general, is a hazardous occupation, but simply that this work in which the plaintiff was engaged in defendant's behalf in driving this team over this dangerous road was hazardous. Nor did the court say that hauling hay was a dangerous occupation, but certainly it must have appeared to the court, as well as to the jury, that hauling hay over this road with its mounds, gullies, cat-steps and obstructions was a hazardous occupation to a grownup, experienced man and much more so to an inexperienced boy of 16.

The next assignment of errors urged by counsel for defendant is contained in instruction No. 9, in which the court uses the expression, in referring to plaintiff, as "a youth of tender years," and the objection is made that the use of the word "tender" in the instruction was misleading, and that the word should be used only regarding persons under the age of 14 years, and that this instruction may have caused the jury to believe that they were to judge the plaintiff as they would a small child.

Collins   v.   Weise.

This is not a correct interpretation of this instruction. The law makes every child, during his minority, a person of tender years; that is, a person whom the law, especially in certain things, provides for and protects. He is not allowed to act on his own free will, make contracts or do the things which are part of the qualifications of one who has attained his majority, and in this case the jury could not have been misled.

The evidence discloses that the mother of plaintiff, at the time the defendant hired him, told defendant that he had had no experience in the farming business and would have to be taken care of, and that the father of plaintiff made stronger statements at such time. Not only this, but the plaintiff himself was on the witness-stand and testified and was subject to the inspection and view of the court, the lawyers and all the members of the jury. The jury had the opportunity and undoubtedly did personally observe the appearance, character and physical and mental developement of plaintiff, and no mere statement of a matter of law or fact in the court's instructions referring to him as a youth of tender years could have had any material bearing on the minds of the jury, so as to induce them to regard plaintiff as they would a small child. The distinction which counsel for defendant attempt to make that the instruction would be applicable to a child under 14 years of age, but not to one of 16 years or over, has no sound foundation in law. It is a matter of physical and mental development, not a question of years, and we see nothing misleading about the instruction as given.

The next objection urged by defendant's counsel is the giving of instruction No. 1 asked by the plaintiff. It is contended that in this instruction the court presupposes that there was evidence that this land was dangerous for any one to drive a wagon-load of hay over, and also that there was evidence that the employment of plaintiff at the time of his injury was dangerous, when, as a matter of fact, there was no such evidence; and, further, that such

instruction assumed that the defendant knew or should have known the danger of operating a team on such land; but counsel for defendant admit that these objections are partially done away with when the whole instruction is read. In the latter part of the instruction the court used the following language:

"If you find from the evidence that the employment of plaintiff at the time of his injury was dangerous, and that the plaintiff was known to be inexperienced, and that the defendant knew the danger or should have known the danger to which plaintiff would be exposed, and did not give him sufficient instruction therein, and if he from youth or inexperience failed to appreciate the danger and was injured in consequence thereof, and because of defendant's negligence, and the plaintiff was not guilty of contributory negligence, then the defendant is responsible and your verdict should be for the plaintiff."

This instruction, taken as a whole, is based upon and authorized by the evidence and fairly states the law applicable to this case. It conclusively appears from the testimony that the employment of plaintiff in driving the team over the rough road on the side-hill with its mounds, cat-steps and ditches was dangerous; it also appears that the plaintiff was inexperienced; that defendant had been told so by both plaintiff's father and mother at the time of his employment; that the defendant, being the owner of the land, knew the danger or should have known of the danger to which the plaintiff would be exposed; and there is no evidence that any sufficient instruction was given plaintiff by the defendant or his foreman or that plaintiff was in any way advised of the dangers confronting him.

Counsel for defendant next object to instruction No. 5, given by the court at the request of plaintiff, in the following language:

"You are instructed that there is no presumption that a young man 16 years of age, who had never had any

experience as a farm laborer, has as much prudence and understanding as an adult, and where such youth has been injured while engaged in dangerous work, by driving over dangerous ground upon a load of hay which he has been commanded to do by the master's foreman in charge of the work, it is for the jury to say, considering his age and experience, whether he assumes the risk of employment."

The authorities cited by defendant's counsel do not establish the fact that there is a presumption that a youth of 16 has as much prudence and understanding as an adult, while engaged in the kind of work he was doing, as claimed by defendant's counsel. We find no authorities sustaining such a presumption. There is no conflict in the evidence as to the hazardous kind of work plaintiff was doing when he received his injury. He was driving a team and load of hay on a steep hillside circling around the hill, following the way marked out and indicated by the foreman. It is proved beyond peradventure that this way leading over rough and dangerous places crossed mounds, depressions, cat-steps and ditches which would require more than ordinary care to prevent the upsetting of the load, and the court had the right to assume from uncontroverted evidence that the plaintiff was engaged in dangerous work by driving over such dangerous ground upon the load of hay, which he was commanded to do by the defendant's foreman. The instruction objected to assumes no more facts than the evidence conclusively shows, and the law stated therein is authorized by the adjudicated cases and is clearly announced.

The authority for the instructions objected to, as given by the district court, is to be found largely in the adjudicated cases of this court.

In *Breedlove v. Gates,* 91 Neb. 765, it is held: "If a servant, on account of his youth, lack of prudence and understanding, and because of want of proper instruction, fails properly to appreciate the risks involved in certain

labor which he is commanded by the master to perform, and is injured, the master will be liable."

In *Ittner Brick Co. v. Killian,* 67 Neb. 589, it is said: "Youth and inexperience being inherent, and not the result of carelessness or negligence, it is not error to state, in an instruction in an action for personal injuries, that if plaintiff, 'because of his youth and inexperience, failed to appreciate the danger,' without adding 'or by the use of reasonable care on his part could or would not have known it.'" And the court further say: "There is no presumption that a child of 14 years has as much prudence and understanding as an adult, and where such child has been injured while engaged in dangerous work which he has been commanded to do, it is for the jury to say, considering his age and experience, whether he assumed the risks of his employment." The court also stated: "Where a boy 14 years old undertakes dangerous work in obedience to the command of the master, the law will not deny him relief on the ground of contributory negligence, unless the danger was so manifest and glaring that it must have been known to one of his age and experience that he could not do it without injury."

In *Omaha Bottling Co. v. Theiler,* 59 Neb. 257, this court announces the doctrine: "Infants are entitled, however, to warning of dangers which, on account of their youth and inexperience, they do not fully comprehend; and if such warning be not given, or if it be inadequate, the master is in fault and must answer for the consequence."

In *Foley v. California Horseshoe Co.,* 115 Cal. 184, 56 Am. St. Rep. 87, the court say: "A minor cannot be expected to set up his opinion, however mature, against the judgment and experience of those maturer and older to whom he is given in charge, * * * and it would be an extreme case in which a minor should be held guilty of contributory negligence in obeying the orders of his foreman, representing his master."

"The measure of a child's responsibility is his capacity

Collins v. Weise.

to see and appreciate danger, and the rule is that, in the absence of clear evidence of the lack of it, he will be held to such measure of discretion as is usual in those of his age and experience. This measure varies of course with each additional year, and the increase of responsibility is gradual. It makes no sudden leap at the age of 14." *Greenway v. Conroy,* 160 Pa. St. 185, 40 Am. St. Rep. 715.

It will be seen that the adjudicated cases cited give a different rule under the law as to negligence and contributory negligence of a master and a minor servant, distinguishing a minor servant and the law applicable to his recovery from an adult servant.

In the instant case it does not appear from the evidence that any warning whatever was given plaintiff by the defendant or his foreman of the danger of driving a wagon along the steep hillside and the rough, dangerous and almost impassable roadway, the foreman telling plaintiff only to keep his team going or the wagon will tip over, and it appears that a six-inch hillock on the side of the steep ground was sufficient to overturn the wagon.

The evidence shows beyond question that the appellee was inexperienced as a farm hand, and knew nothing about the hillside on which he was driving except what he had learned in raking hay in that vicinity; the foreman went ahead, parted the windrows and directed the boy to drive on and keep the team going. The foreman in charge of the work certainly could see and must have known all about the mounds, depressions and obstructions along the way, but there is no evidence that the plaintiff was given any information on this subject. The immature youth had never had any experience in hauling hay over rough ground and could not have known the danger. He was not instructed that the land over which he was ordered to drive was dangerously rough, that he would have to act with great care and look out for the bad places, and that the wagon was liable to overturn.

564        NEBRASKA REPORTS        [Vol. 110

He was not given the least warning to stop the wagon before the wheels struck the mounds or cat-steps and tipped the wagon over. It convincingly appears that an ordinarily prudent and experienced foreman would have instructed the boy on all of those matters and would have commanded him what to do and what not to do in order to avoid the dangers that were necessarily to be encountered in the work he was ordered to do.

From a consideration of the instructions given by the district court, we believe that the jury were properly charged in the matter of the law applicable to the case, and that from an examination of the testimony appearing in the record the jury were fully justified in finding for plaintiff under the law and the evidence.

The proceedings and judgment of the district court should be and are

AFFIRMED.