VANCE SIEDLIK, APPELLANT, V. JOSEPH J. SCHNEIDER, APPELLEE.

FILED MARCH 17, 1932. No. 28115.

*John C. Barrett,* for appellant.

*James T. English* and *Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before GOSS, C. J., DEAN and PAINE, JJ., and BROADY and RHOADES, District Judges.

BROADY, District Judge.

This is an action to recover damages for personal injuries received in an automobile accident. The plaintiff is a boy seven years of age, and he, together with other boys of a like age, were playing football on a public municipal playground. Larger boys, among whom were high school students, were likewise playing ball and engaged in other athletic sports on other parts of the field, when

the defendant, a youth approximately twenty years of age, drove his father's car upon the grounds toward the group of smaller boys, who, at the approach of defendant's car, scattered. The plaintiff and the car collided. The plaintiff received injuries, consisting of a broken collar bone, both bones of the lower right leg fractured between the knee and the ankle, and plaintiff was unconscious for a time, probably due to a concussion of the brain. In two months' time the plaintiff had recovered so that he could engage in his usual activities, and while there was some testimony that the injured leg was a trifle shorter than the other his own doctors stated that his recovery was complete, and that the shortening of the leg was noticeable only with difficulty and only upon measurements, and stated that, in their opinion, the boy would make a complete recovery. There was no medical testimony in opposition to the foregoing. The jury returned a verdict in favor of the plaintiff for $250 from which he appeals to this court, claiming error (1) in the instruction of the court on the subject of contributory negligence of the plaintiff, and (2) that the verdict is inadequate. The defendant did not appeal.

The principal error complained of by the plaintiff was the instruction of the court relating to contributory negligence. The defendant in his answer denied negligence on his part, and directly pleaded contributory negligence on the part of the plaintiff, and in the forepart of the instructions the court so stated to the jury. In instruction numbered 10 the court first defined negligence; and in a separate paragraph defined contributory negligence, as follows: "By contributory negligence is meant any negligence of the plaintiff directly contributing to the accident." And in the same instruction followed a definition of slight and gross negligence.

In instruction numbered 6 the court, in the first paragraph, dealt with the general subject of the care required and duty of small children, or children of tender years. This was followed by a direction that, if the jury found

the plaintiff had exercised such care, he would not be guilty of *contributory negligence* and would be entitled to recover in this case. Then followed the third paragraph in which the court stated that if the plaintiff "was not using proper diligence commensurate with his age, discretion and experience, * * * and that had he exercised such care he would not have received the injuries by colliding with the defendant's automobile, then his own carelessness and failure to exercise such care would preclude any recovery in this action and your verdict should be for the defendant."

While the last part of instruction numbered 6, standing alone and without consideration to the first part thereof, and also apart from the reference to contributory negligence in instructions numbered 1 and 10, might not be construed as submitting to the jury the question of contributory negligence, if any, of the plaintiff, certainly under the whole of instruction numbered 10, when taken in connection with the other two instructions referred to, one cannot believe but that the jury must have considered that the contributory negligence of the plaintiff was submitted for their consideration.

A child of tender years—and it must be conceded that the plaintiff was a child of tender years—is not chargeable with negligence or with contributory negligence. *Sacca v. Omaha & C. B. Street R. Co.*, 98 Neb. 73; *De Griselles v. Gans*, 116 Neb. 835. That does not mean, however, that the defendant was the insurer of plaintiff's safety or that the defendant would be responsible for injuries received by the plaintiff which were caused by the recklessness or carelessness of the plaintiff alone with which there was no negligence on the part of the defendant. Contributory negligence presupposes some negligence on the part of both parties and that both are at fault at least to some degree. In determining whether the defendant was negligent at all the jury might well, and should, be told they could consider the acts and conduct of the plaintiff considering his age, discretion and experience.

"An instruction is erroneous which submits to the jury questions not within the issues in the case." *Linch v. Nebraska. Buick Automobile Co.,* 120 Neb. 819. And it is prejudicial error to misstate in an instruction the law as to contributory negligence. To do so is sufficient to confuse the jury, and it is impossible to tell which rule the jury attempted to follow. *Gerish v. Hinchey,* 120 Neb. 51.

The defendant argues that the error, if any, was not detrimental to the plaintiff's interest, and since he recovered a verdict he could not have been prejudiced. Ordinarily that is true, but on the record before us we feel that there is no way of knowing but that the jury may have attempted to weigh, unguided, the degrees of negligence of the parties, when, under the law of this state, the plaintiff could not be chargeable with contributory negligence. "When an instruction is not founded upon the evidence (or law), and is calculated to mislead the jury in considering the facts of the case, the judgment must be reversed." *Mannion v. Talboy,* 76 Neb. 570; *Trute v. Holden,* 118 Neb. 449.

For the reasons above stated, we feel that there must be a retrial of this case; therefore the judgment is reversed and the cause remanded.

REVERSED.