DORIS EVELYN COOK, APPELLEE, V. LYALL LOWE, APPELLANT.

141 N. W. 2d 430

Filed April 1, 1966. No. 36008.

Richard E. Twohig, for appellant.

James E. Abboud, Jr., and Rodney R. Smith, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an action for personal injuries brought by Doris

Evelyn Cook, a married woman, hereinafter referred to as plaintiff, against Lyall Lowe, hereinafter referred to as defendant. Plaintiff alleges she sustained injuries as a result of a fall down a flight of stairs on defendant's premises in the early morning of April 3, 1963. The case was tried to a jury which returned a verdict for $3,000 for the plaintiff. Defendant has perfected an appeal to this court from the judgment entered thereon.

The defendant was the operator of the Town House Motel in South Sioux City, Nebraska. On the evening of April 2, 1963, plaintiff's husband was a guest at said motel, staying in a room for which arrangements had been made by previous agreement between his employer, Wilson Concrete Company, and the defendant. Plaintiff's husband, along with other drivers for Wilson Concrete Company, worked irregular hours and when off duty in the area would occupy a room in defendant's motel.

Defendant's assignments of error are informal in the extreme, and there is a very serious question as to whether they are sufficient to constitute assignments of error. The function of assignments of error is that they set out the issues presented on appeal. They serve to advise the appellee of the question submitted for determination in order that the appellee may know what contentions must be met. They also advise this court of the issues which are submitted for decision. Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628. For the purposes of this opinion, we interpret plaintiff's assignments of error to raise the question of the sufficiency of the evidence to sustain the verdict.

There is no question that the evidence on both negligence and contributory negligence was sufficient to present a jury question, and it will serve no useful purpose to detail the various contentions of the parties. The jury could have found that the plaintiff's husband, who was staying at the motel, called his wife in Omaha, Nebraska, in the late evening of April 2, 1963, and re-

quested her to come to South Sioux City. She arrived between 1:30 and 2 a.m., April 3. Her husband had told her to come to unit No. 3. The office was dark when she arrived, and because she had the unit number, she parked her car and walked along the sidewalk area. When she came to unit No. 5, she realized that unit No. 3 would be around the corner on the other side. She walked around the corner and as she turned she fell down a stairway which was immediately around the corner and in the sidewalk area.

There is a dispute as to whether or not the stairway was protected by a gate, but it is evident that if there was a gate at that time, it was open. The testimony of plaintiff's witnesses is that the area was dark and unprotected. Plaintiff was hospitalized in Sioux City, Iowa, for hip and back injuries and did sustain some degree of permanent disability. There was evidence from which the jury could find that the plaintiff was an invitee on said premises, and that the defendant was negligent in failing to properly light the stairway and in failing to protect the area. The possessor of land is subject to liability for bodily harm caused to a business invitee by a natural or artificial condition thereon if he knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk. Niemeyer v. Forburger, 172 Neb. 876, 112 N. W. 2d 276.

The argument in defendant's brief, which covers less than two pages, attempts to question certain pretrial rulings of the court, certain of the court's instructions, the fact that the jury deliberated just over an hour to reach its verdict, and the contributory negligence of the plaintiff. Except as the latter is included in the assignment on the sufficiency of the evidence, none of these points are covered by any assignment of error and will not be discussed. Section 25-1919, R. R. S. 1943, provides in part: "The brief of appellant shall set out particularly each error asserted and intended to be

urged for the reversal, vacation or modification of the judgment \* \* \* alleged to be erroneous \* \* \*." See, also, Rule 8a2(3), Revised Rules of the Supreme Court, 1963. The trial court submitted the question of negligence and contributory negligence to the jury under proper instructions.

Plaintiff was permitted to testify as to her medical expense without objections of any nature. When the bills were offered in evidence, however, an objection to their admission was sustained. Defendant attempts to predicate error on the fact that the court failed to instruct the jury that these items had been disallowed. There is no merit to defendant's assignment for several obvious reasons. Suffice it to say that the damage instruction given by the court specifically limited plaintiff's recovery to pain and suffering.

For the reasons given, the judgment of the district court is affirmed.

AFFIRMED.