ALTHA M. HANSEN, APPELLANT AND CROSS-APPELLEE, V. FIRST WESTSIDE BANK, APPELLEE AND CROSS-APPELLANT.

156 N. W. 2d 790

Filed March 1, 1968. No. 36698.

Eisensatt, Morrison, Higgins, Miller, Kinnamon & Morrison, for appellant.

Crossman, Barton & Norris, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff fell over a slideway of a retractable grille or barrier maintained by defendant bank. In this personal injury action the jury awarded her $253.50, the amount of her medical expenses. Defendant, cross-appellant, argues insufficiency of evidence to sustain the finding for plaintiff. Plaintiff argues that erroneous instructions on liability caused the jury to assess inadequate damages under the comparative negligence rule.

The grille was used during nonbusiness hours to block

the south entrance, to defendant's office located in the Crossroads Shopping Center, Omaha, Nebraska. The entrance floor, white vinyl with dark speckles, was flush with the off-white vinyl floor of the adjoining arcade. Legs supported the slideway with the top 4 inches off the, floor, the two 12½-foot sections of the grille retracting from the center. During business hours both grille and slideway were stored out of sight. At the close of the business day and within the interval of 1 minute an employee moved them into place, at the entrance.

Plaintiff, age 77, had no difficulty in walking, seeing, or hearing. On August 3, 1965, at 8:29 p.m., 1 minute before closing time, she entered the bank from the, south to transact business. She knew nothing about the grille or slideway both of which were out of sight. Arriving at a teller's window located 12 feet north and east of the entrance, plaintiff faced east in transacting her business. When she turned 3 minutes later to depart, the grille was in place and almost closed. Tom Horeis, a bank teller, was standing there under instructions to warn of the slideway and to assist people through the exit.

When plaintiff was 3 feet away, Tom opened the grille. He offered her no assistance, but in a voice loud enough to be heard, he said, "Watch your step, please." Plaintiff did not hear the warning, and unaware of danger, she walked into the opening. Both feet caught under the slideway, and she pitched forward on her knees. The fall left her breathless, dazed, and sore.

Plaintiff was seen on August 31, 1965, by Dr. Robert J. Fitzgibbons, her physician. She complained of pain in the left knee, and examination revealed swelling and tenderness in the front part of the kneecap. The doctor found some relaxation of the medial collateral ligament which supports the, inside of the knee. X-ray photographs indicated a bone chip in the superior region of

the patella, but the photographs might show only an arthritic deposit.

The injury responded slowly to treatment, Dr. Fitzgibbons seeing plaintiff on 13 occasions up to May 1966. On January 6, 1967, she complained of pain associated with cold weather. Examination revealed minimal swelling, some tenderness, and normal flexion, extension, and stability. The fall had aggravated dormant osteoarthritis in the knee, but permanent damage was minimal, less than 5 percent.

A proprietor must take reasonable precautions to protect invitees from foreseeable dangers in arrangement and use of his premises. His duty does not ordinarily encompass dangers either known to the invitee or so obvious that the invitee may be reasonably expected to discover them. Beck v. Ideal Super Markets of Nebraska, Inc., 181 Neb. 381, 148 N. W. 2d 839; Cook v. Lowe, 180 Neb. 39, 141 N. W. 2d 430; Brown v. Slack, 159 Neb. 142, 65 N. W. 2d 382; Prosser, Law of Torts (3d Ed.), § 61, p. 402.

Defendant says that as a matter of law a reasonable man would have expected plaintiff to discover the danger. When she approached the grille, it was almost closed. A reasonable man would not have necessarily expected her to discover that the slideway did not retract with the grille. Tom's instructions demonstrate that defendant itself anticipated substantial risk of harm. The evidence sustains the finding on liability.

Plaintiff requested unsuccessfully an instruction intended to state that defendant had known of the dangerous condition. See, Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260; Rogers v. Penney Co., 127 Neb. 885, 257 N. W. 252. The court in instruction No. 5 submitted correctly the issues upon which the verdict was to turn. The court's instruction No. 12 reads: "A business inviter owes the duty to exercise ordinary care to keep his premises in a reasonably safe condition. * * * liability * * * is predicated on proof * * * of his

superior knowledge, actual or constructive, of dangers to which an invitee is subjected and of which the invitee is unaware. Proof of knowledge, * * * may not be predicated upon conjecture, * * *." Lingering over the theme in a paragraph of instruction No. 14, the court concentrated on notice of defects and reasonable opportunity for repair. The instructions are noticeably overbalanced against plaintiff, but no part of the evidence is emphasized directly or indirectly.

If contributory negligence is not in issue, the line separating liability from damages is ordinarily distinct. In a comparative negligence case a plaintiff's verdict may obscure the line. The rule concerning cure of error by verdict for the complaining party is therefore often inapplicable. Compare, Prell v. Murphy, 178 Neb. 278, 133 N. W. 2d 5, with Siedlik v. Schneider, 122 Neb. 763, 241 N. W. 535, and Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534 (semble). A misstatement of issues in an instruction tending to mislead the jury is erroneous. Zimmerman v. Continental Cas. Co., 181 Neb. 654, 150 N. W. 2d 268. The finding of negligence implicit in a plaintiff's verdict should be considered in connection with the question of prejudice. Errors in instructions not prejudicial to the complaining party are not a ground for reversal of a judgment otherwise correct. Markey v. Hunter, 170 Neb. 472, 103 N. W. 2d 221.

The evidence is undisputed that defendant created the condition and that it recognized the risk. The jury found negligence. Rules concerning superior knowledge had no tendency to confuse or mislead the jury in assessment of damages. The overbalance of instructions against plaintiff was nonprejudicial error. See Kraft v. Fundum, 175 Neb. 821, 124 N. W. 2d 225.

The judgment is affirmed.

AFFIRMED.