MARTHA C. MARTIN, APPELLANT, V. RICHMAN GORDMAN NO. 2, INC., APPELLEE.

173 N. W. 2d 885

Filed January 23, 1970. No. 37307.

Eisenstatt, Morrison, Higgins, Miller, Kinnamon & Morrison, for appellant.

John R. Douglas of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Martha C. Martin, a shopper at the store of Richman Gordman No. 2, Inc., slipped and fell on a patch of ice in the parking lot. Jury verdict in her personal injury action went for Richman, and Martha has appealed. She contends that the jury instructions were erroneous in these respects: They omitted an issue raised by a negligence specification in Martha's petition, and they included a false issue over Richman's knowledge of the icy condition.

Some years prior to the accident which happened at 6:30 p.m., January 12, 1968, Richman had engaged a contractor to attach a rainspout to the store building. The rainspout, as at least the assistant manager knew, emptied onto the parking lot. The patch of ice at the time of the accident lay in or near the course of the discharge while slush covered the parking lot.

Jury instruction No. 1 stated: "Plaintiff further alleges that . . . defendant maintained a drain pipe . . ., thereby creating an icy condition. . . . Plaintiff further alleges that the defendant was negligent—(A) In that the icy condition involved an unreasonable risk of harm to . . . plaintiff which the defendant knew of or in the exercise of reasonable care could have discovered."

Instruction No. 12 attached conditions to the duty of Richman. One condition was as follows: "A. There was a condition . . . involving an unreasonable risk of harm to Martha . . ., which Richman . . . knew of, or in the exercise of reasonable care could have discovered; . . .." If the jury found all conditions true, the instruction continued, ". . . then Richman . . . was under a duty to use reasonable care  1. To make its premises

safe for Martha . . .; or 2. To give her adequate warning to enable her to avoid harm."

Instruction No. 13 pursued the subject of Richman's knowledge: "The liability . . . is predicated on proof . . . of its superior knowledge, actual or constructive, of dangers to which an invitee is subjected . . .. . . . Proof of knowledge, either actual or constructive, may not be predicated upon conjecture, surmise, or speculation."

Martha specifically alleged negligent failure of Richman to warn her. She contends that the trial court did not submit the issue.

A misstatement of issues tending to mislead the jury is erroneous. Zimmerman v. Continental Cas. Co., 181 Neb. 654, 150 N. W. 2d 268 (1967). The phrase "unreasonable risk of harm" in instruction No. 1 was broad enough to include the specification, and instruction No. 12 treated duty to warn. There was no error.

Martha's argument concerning Richman's knowledge of the icy condition runs along these lines: She had to persuade the jury on a false issue, instructions Nos. 12 and 13 implying existence of evidence the other way.

Errors in instructions not prejudicial to the complaining party are not a ground for reversal of a judgment otherwise correct. Hansen v. First Westside Bank, 182 Neb. 664, 156 N. W. 2d 790 (1968). Should the jury have found that Martha fell on ice formed by water from the rainspout, possibilities of nonpersuasion concerning Richman's knowledge of the condition would have been remote. The error was not prejudicial.

The judgment is affirmed.

AFFIRMED.