HILDA BOHLING, ADMINISTRATRIX OF THE ESTATE OF DONALD E. BOHLING, DECEASED, APPELLANT, V. FARM BUREAU INSURANCE COMPANY OF NEBRASKA, A CORPORATION, APPELLEE.
214 N. W. 2d 381

Filed January 18, 1974. No. 39053.

Blevens, Bartu & Blevens, for appellant.

M. J. Bruckner and Richard D. Sievers of Marti, Dalton, Bruckner, O'Gara & Keating, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

STUART, District Judge.

This is an action to recover under an insurance policy which included coverage for the expenses of bodily injury and death resulting from an automobile accident. Defendant moved for a directed verdict and dismissal of plaintiff's petition after the plaintiff had adduced all

her evidence. This motion was sustained, the trial court dismissed plaintiff's petition, and the plaintiff appealed therefrom. The sole issue on this appeal is whether the evidence was sufficient to sustain a finding that the insured died as a result of an automobile accident.

The insured, Donald E. Bohling, was operating his pickup truck in a westerly direction on Interstate Highway No. 80 immediately prior to his death. An eyewitness observed his pickup proceeding west at a speed of 15 to 20 miles per hour. The pickup was partly in the north lane and partly on the asphalt shoulder of the highway with the decedent slumped over toward the passenger side. The pickup then crossed the two westbound lanes, the median, the two eastbound lanes, traveled off south of the highway, went through the fence bordering the highway, and finally came to rest straddling a shallow ditch 3 feet wide some 335 feet from the point it left the south westbound lane. The first person who arrived at the pickup thereafter heard the decedent give a final sigh or exhalation of breath. This person also observed that the ignition of the truck was turned off. The plaintiff testified that when she viewed the decedent at the mortuary he had a bruise on the forehead. She also produced evidence that the pickup had a cracked windshield on the driver's side.

There was no medical opinion as to the causation of death, nor any expert testimony as to the severity of the bruise on decedent's forehead. In addition, there was no evidence as to whether or not the pickup windshield was cracked at this time or at a prior time, and no evidence of any violent collision at the time of decedent's death.

When the defendant, at the conclusion of plaintiff's evidence, moves for a directed verdict in its favor or for dismissal, such motion must be treated as an admission of the truth of all material and relevant evidence admitted favorable to the plaintiff and she is

entitled to the benefit of all proper inferences that can reasonably be deduced therefrom. Popken v. Farmers Mutual Home Ins. Co., 180 Neb. 250, 142 N. W. 2d 309.

There was no showing of any causal connection between the decedent's pickup leaving the highway and the decedent's death other than circumstantial evidence. The pickup, when last seen on the highway, was being driven at a very slow speed. When traversing the median, the grade on the side of the highway, and the fence, it was moving across rather gentle slopes. With this evidence, it was just as possible that decedent was dying of natural causes and then drove off the highway as the possibility that he drove off the highway and the bump on his head caused his death. Plaintiff may establish her case by circumstantial evidence. However, in such case the circumstances proved by the evidence must be of such nature and so related to each other that the conclusion to be reached thereby is the only one that can fairly and reasonably be drawn therefrom. Popken v. Farmers Mutual Home Ins. Co., *supra*; Raff v. Farm Bureau Ins. Co., 181 Neb. 444, 149 N. W. 2d 52. As was stated in the latter case: "* * * the evidence must be sufficient to make the theory of causation reasonably probable and not merely possible. Conjecture, speculation, or choice of possibilities is not proof. There must be something more which will lead a reasoning mind to one conclusion rather than another."

In every jury trial, at the conclusion of the plaintiff's evidence, when properly raised by motion, there is a preliminary question for the court to decide, not whether there is literally no evidence, but whether there is any evidence upon which a jury can properly proceed to find a verdict for the plaintiff, upon whom the burden of proof is imposed. In this case the motion for a directed verdict at the conclusion of the plaintiff's case raised the question as to the sufficiency of the evidence.

It was properly sustained by the trial judge and the judgment is affirmed.

AFFIRMED.