ERVIN G. COYLE, APPELLANT, V. R. LEE JANSSEN, APPELLEE.
326 N.W.2d 44

Filed November 5, 1982. No. 44435.

Bert E. Blackwell, for appellant.

Mousel & Burger, P.C., for appellee.

Heard before KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and DAVIS, D.J., and COLWELL, D.J., Retired.

CAPORALE, J.

Plaintiff-appellant, Ervin G. Coyle, appeals from a judgment entered pursuant to the jury's verdict which dismissed his contract action against the defendant-appellee, R. Lee Janssen. We affirm.

Plaintiff's sole operating assignment of error is the failure of the trial court to instruct the jury in the language of his proposed instructions to the general effect that the acceptance of benefits nullifies both a condition precedent and any unconscionable and unreasonable character of a contract. His other three purported assignments of error in substance merely assert the trial court erred in failing to enter judgment in plaintiff's favor at the close of all the evidence and erred in failing to grant a new trial. Such generalized and vague assertions do not advise this court of the issues submitted for decision. Such advice is a necessary function of valid assignments of error. *Cook v. Lowe,* 180 Neb. 39, 141 N.W.2d 430 (1966). It is not the duty of a reviewing court to search the record for the purpose of ascertaining whether there is error, and any error alleged must be specifically pointed out. See *McClellen v. Dobberstein,* 189 Neb. 669, 204 N.W.2d 559 (1973). We consider, therefore, only plaintiff's single operative assignment of error.

After a period of negotiations, which included discussions about the value of goodwill, the parties, on September 20, 1978, executed two documents for the sale by plaintiff and purchase by defendant of an automobile sales dealership and franchise at McCook, Nebraska. The first document signed was an 18-paragraph typewritten agreement. That agreement dealt in the main with the sale and purchase of inventory, fixtures, and tools, and also the transfer of the instant franchise. According to its terms it could not be changed except by a signed written document. Plaintiff then caused a handwritten document to be prepared, obligating defendant, upon the signing thereof and approval by the manufacturer of the franchise transfer, to pay plaintiff $30,000, reciting that such was "to transfer the rights and privilages [sic]" of the franchise. Defendant signed the same, "subject to approval of buyer ac-

countant." It appears that no demand was made by defendant for financial data, other than an initial comment that such would be needed to assess the value of goodwill, and that no such data was specifically provided by plaintiff to defendant. At trial plaintiff testified that the goodwill was worth $30,000. Other evidence was to the effect there was no goodwill to value. Defendant's accountant did not approve or disapprove the $30,000 payment because he had never reviewed any financial data. The fact that defendant was not going to pay that sum was not communicated to plaintiff until the summer of 1979. In the interim the parties had undertaken many acts which effectively transferred the dealership and franchise to the defendant. Additionally, the parties had entered into, on or about November 3, 1978, a lease whereby defendant rented certain premises from plaintiff in order to operate the dealership.

Upon the refusal of defendant to pay, plaintiff sued. He alleged, among other things, that plaintiff had fulfilled his obligations under the terms of the handwritten document, that the franchise had been transferred, and that defendant had waived the condition requiring approval of his accountant by accepting the benefits of the contract, and prayed for judgment in the amount of $30,000. Defendant asserted, inter alia, that the condition of accountant approval had not been met and that the handwritten document was "unconscionable and unreasonable."

In connection with the second defense we observe that if the doctrine of "unconscionability" exists in this state as a means of voiding common-law contracts, none of the factual requirements for invoking it were either pled or proved. That defense should not have been submitted to the jury. However, no error is assigned on that basis and, in view of our analysis, no prejudicial error occurred by virtue of its submission.

In support of his assignment of error plaintiff asserts that the nonfulfillment of a condition precedent is nullified if the party having the benefit of the condition accepts benefits under the contract. However, none of the Nebraska cases he cites in support of that argument so hold. *Alliance Tractor & Implement Co. v. Lukens Tool & Die Co.,* 199 Neb. 489, 260 N.W.2d 193 (1977), concerned the acceptance of nonconforming goods under the Uniform Commercial Code; *Duplex Manuf. Co. v. Atlas Leasing Corp.,* 180 Neb. 851, 146 N.W.2d 205 (1966), presented a question as to when repudiation by one party excused performance by the other; *McLeod v. Crawford,* 176 Neb. 513, 126 N.W.2d 663 (1964), held one having actual notice of the expiration date of a patent who had received benefits under the contract for 7 years after the expiration date was estopped from asserting the invalidity of the contract; *Wegner v. West,* 169 Neb. 546, 100 N.W.2d 542 (1960), held a contract could not be rescinded when the party was unable to return payment or account for merchandise and proceeds from the items sold; *Einot, Inc. v. Einot Sales Co., Inc.,* 154 Neb. 760, 49 N.W.2d 625 (1951), involved the acceptance of payment after the contract had been declared null and void; and *Stover v. Hazelbaker,* 42 Neb. 393, 60 N.W. 597 (1894), concerned the acceptance of rent accruing after default. In short, none of those cases involved a condition precedent.

More directly in point are cases holding that the making of a contract may be conditioned upon the act or will of a third person. In *O'Brien v. Fricke,* 148 Neb. 369, 27 N.W.2d 403 (1947), the plaintiff purchaser sought specific performance of a contract for the sale of farmland. The contract had been conditioned upon the ability of the plaintiff to obtain loans from persons over whom none of the parties to the contract had any control. Finding himself unable to obtain the necessary loans, plaintiff sought to change the terms of the contract. This court found

the defendants were not at fault for the plaintiff's failure to perform and observed that in negotiating the contract the parties may impose any condition precedent they might wish. We cited with approval cases stating, " 'When an obligation to pay money is, by agreement, made to depend upon the action of another party, over whom neither party has control, payment cannot be exacted unless the specific act is performed.' " *Id.* at 376, 27 N.W.2d at 408. *Evans v. Platte Valley Public Power and Irrigation District,* 144 Neb. 368, 13 N.W.2d 401 (1944), was an action brought to recover an alleged balance due upon a contract for legal services. The evidence established that the parties entered into a contract for an increase in plaintiff's salary as chief counsel for the defendant upon condition that it would be approved by federal Public Works Administration officials. Those officials refused to do so. We held the plaintiff could not recover, relying on the rationale later restated in *O'Brien, supra.*

It is clear that where a contract is executed but its effectiveness is dependent upon the fulfillment of an agreed condition before it can become a binding contract, such contract cannot be enforced unless the condition is performed. See, *Empfield v. Ainsworth Irr. Dist.,* 204 Neb. 827, 286 N.W.2d 94 (1979); *Metschke v. Marxsen,* 176 Neb. 240, 125 N.W.2d 684 (1964).

It is true that in the instant case the approval was to be obtained from the defendant's accountant; however, there is no evidence but that the accountant properly exercised his own independent professional judgment in concluding that he could neither approve nor disapprove. It is also true that defendant delayed in communicating this status to plaintiff and that in the interim a number of acts were performed by both parties in furtherance of the transfer. However, it is abundantly clear that plaintiff participated fully in those endeavors, even to the

extent of entering into a lease not required by the arrangement between the parties, with full knowledge that the condition of accountant approval had not been met as of that time.

Although it appears defendant exerted no substantial effort to obtain plaintiff's financial data, neither does it appear plaintiff made any substantial effort to collect and provide same to defendant.

Under the circumstances the trial court should have dismissed plaintiff's petition as a matter of law.

AFFIRMED.