K & K PHARMACY, INC., A NEBRASKA CORPORATION, APPELLANT, V. JAMES R. BARTA, APPELLEE.

382 N.W.2d 363

Filed March 7, 1986.    No. 85-021.

H. Daniel Smith of Stehlik, Smith, Trustin, Schweer & Ruder, for appellant.

Ray C. Simmons of Simmons & Schneider, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This case arose out of a controversy concerning a contract for the sale of the Millard Pharmacy. The business was located on leased premises in the Millard Shopping Center.

On June 8, 1983, the plaintiff, K & K Pharmacy, Inc., entered into a written contract with the defendant, James R. Barta, for the sale of the pharmacy to the defendant. The contract contained the following provision regarding a new lease of the premises to be obtained by the defendant: "13. New Lease. This Agreement shall be contingent upon Buyer's ability to obtain a new lease from Larsen Enterprises, Inc., for the premises presently occupied by Seller. In the event Buyer is unable to obtain a new lease satisfactory to Buyer, this Agreement shall be null and void."

The defendant owned a number of full-line pharmacies and employed a specific marketing strategy which he intended to use in the operation of the pharmacy to be purchased from the plaintiff. The defendant carried high-traffic grocery items, such as bread, milk, and coffee, and sold those items at a low price in order to generate volume traffic into the drugstore.

Early in the negotiations for the sale of the pharmacy, the defendant advised the agent of the seller that the defendant would require the right or privilege to sell foodstuffs in the pharmacy. However, prior to signing the contract, the defendant did not know that Millard Food Mart, a grocery store located in the same shopping center as plaintiff's pharmacy, had a lease giving it the exclusive right to sell grocery items in the shopping center.

The record also shows that after signing the purchase

agreement, the defendant entered into negotiations with the owner of the shopping center and other interested parties for the purpose of agreeing upon a satisfactory lease. At the first meeting of the parties, the grocer, who had the exclusive right to sell grocery items, indicated that he also used high-traffic items such as milk and bread as loss leaders to attract traffic into his store, that the exclusive right to sell groceries was important to him, and that he was not willing to give up any of his rights under his lease. Although lease negotiations continued, the grocer never agreed to allow Barta to carry any food items.

The original agreement provided for the closing of the sale on or about June 24, 1983. On the 24th of June the parties added an addendum to the agreement providing that the defendant would take possession of the pharmacy beginning June 25 and operate the pharmacy until the anticipated closing on Monday, June 27. The defendant did go into possession on the 25th and operated the business until June 30, at which time he ceased operations in the drugstore because he had not been able to obtain a satisfactory lease.

This action was commenced on January 26, 1984, to recover damages resulting from the defendant's alleged breach of the contract. On November 19, 1984, the trial court sustained the defendant's motion for summary judgment and dismissed the action. The plaintiff has appealed.

The case turns on the meaning and effect of the "New Lease" provision in the contract. Generally, in negotiating a contract the parties may impose any condition precedent, a performance of which is essential before the parties become bound by the agreement. *Metschke v. Marxsen*, 176 Neb. 240, 125 N.W.2d 684 (1964). The provision entitled "13. New Lease" was clearly a condition precedent to the existence of binding contractual obligations between the parties. The contract was *contingent* upon the defendant's obtaining a new lease *satisfactory* to him. This court has held that "where a contract is executed but its effectiveness is dependent upon the fulfillment of an agreed condition before it can become a binding contract, such contract cannot be enforced unless the condition is performed." *Coyle v. Janssen,* 212 Neb. 785, 789, 326 N.W.2d 44, 47 (1982).

The party seeking to enforce a contract containing a

condition precedent bears the burden of proof as to the occurrence of the condition, and if there is no evidence of the occurrence of the condition, the contract is not binding and cannot be enforced. See, *Coyle v. Janssen, supra*; *Kadner v. Shields*, 20 Cal. App. 3d 251, 97 Cal. Rptr. 742 (1971). In the present case the plaintiff had the burden to prove that the condition precedent contained in the contract had been met before the contract was enforceable.

The lease provision in the contract was not only a condition precedent but it was also a satisfaction clause. However, its terms were not ambiguous, and a reading of the plain language shows that the contract depended upon the buyer's satisfaction with a new lease. This court has stated that "[i]f the agreement leaves no doubt that honest satisfaction and no more is meant, the condition does not occur if the obligor is honestly, even though unreasonably, dissatisfied." *Nebraska Panhandle Community Action Agency, Inc. v. Strange*, 189 Neb. 83, 84-85, 200 N.W.2d 23, 25 (1972). While a mere statement of dissatisfaction is not conclusive, the evidence need only show honest dissatisfaction and no more. *Nebraska Panhandle, supra*.

This court has also stated that, ordinarily, such a question of honest satisfaction is one of fact. See, *Nebraska Panhandle, supra*; *Melson v. Turner*, 125 Neb. 603, 251 N.W. 172 (1933). However, summary judgment is an appropriate remedy when there is no genuine issue as to any material fact. Neb. Rev. Stat. § 25-1332 (Reissue 1979).

In the present case summary judgment was correctly granted if the pleadings and depositions show that there was no genuine issue as to the defendant's satisfaction with a new lease. The plaintiffs do not allege any bad faith or dishonest dissatisfaction on the defendant's part, but merely allege a breach of contract which would require proof that the condition precedent occurred. There simply is no evidence to support that contention.

Assuming the truth of all of the evidence offered by the plaintiff, there is no evidence of performance of the condition precedent which was necessary before the contract could be enforced against the defendant. The evidence is undisputed that

the defendant was not able to obtain a lease satisfactory to him. The defendant was not able to obtain a lease allowing him to employ his established marketing policy. Further, there is no evidence that defendant was anything but honestly dissatisfied with the lease. This was not a case where the party who had some obligation as to the condition precedent refused to make a good faith effort to perform the condition. See, *Quinn v. Godfather's Investments*, 213 Neb. 665, 330 N.W.2d 921 (1983); *Empfield v. Ainsworth Irr. Dist.*, 204 Neb. 827, 286 N.W.2d 94 (1979).

The record shows there was no genuine issue as to performance of the condition precedent in the contract and that the defendant was entitled to judgment as a matter of law. The judgment of the district court dismissing the petition of the plaintiff is affirmed.

AFFIRMED.