GEORGE BREEDLOVE, APPELLEE, v. DOCTOR J. GATES, APPELLANT.

FILED SEPTEMBER 28, 1912.    No. 16,734.

1. **Master and Servant: INJURY TO SERVANT: ASSUMPTION OF RISK.** "If a servant, on account of his youth, lack of prudence and understanding, and because of want of proper instruction, fails properly to appreciate the risks involved in certain labor which he is commanded by the master to perform, and is injured, the master will be liable." *Ittner Brick Co. v. Killian*, 67 Neb. 589.

2. ———: ———: ———: QUESTION FOR JURY. There is no presumption that a child of nine years has as much prudence and understanding as an adult, and, where such child has been injured while engaged in dangerous work which he has been commanded to do, it is for the jury to say, considering his age and experience, whether he assumed the risks of his employment.

3. ———: ———: CONTRIBUTORY NEGLIGENCE. Where a boy nine years old undertakes dangerous work in obedience to the command of the master, the law will not deny him relief on the ground of contributory negligence, unless the danger was so manifest and glaring that it must have been known to one of his age and experience that he could not do it without injury.

4. **Trial: INSTRUCTIONS.** Record examined, and found to be without error in giving and refusing to give instructions.

5. **Appeal: Variance.** An inconsiderable variance between the pleadings and the proof will not require the reversal of a judgment, unless it appears that the party complaining was thereby surprised or misled to his disadvantage.

Appeal from the district court for Boone county: James R. Hanna, Judge. *Affirmed.*

*Frank D. Williams* and *Jefferis, Howell & Tunison,* for appellant.

*C. E. Spear* and *H. C. Vail, contra.*

Barnes, J.

Action to recover damages for personal injuries sustained by plaintiff while employed by defendant in driving a horse attached to a hay-stacker, while putting up hay on the defendant's farm.

It appears that in June, 1908, the plaintiff, then a boy only nine years old, was employed by the defendant to drive a team attached to a stacking machine in use upon the defendant's farm. The father of the boy was also working for the defendant as a sort of foreman in charge of the work. Some time before the 9th day of July of that year the defendant substituted a single horse for the team which was first used on operating the stacker, and on that day the boy, who was driving the horse, was injured by reason of the breaking of a part of the harness called a tug, which released one end of the whiffletree and allowed it to fly back and strike the plaintiff in the face, cutting his lips and chin and knocking out and destroying five or six of his front teeth. The boy was rendered unconscious for a time, his injuries were severe and painful, and to some extent were permanent. After his recovery he brought this action by his father as his next friend, and upon a trial in the district court for Boone county recovered a judgment against the defendant for the sum of $300, from which the defendant has prosecuted this appeal.

Appellant contends that the verdict is not sustained by sufficient evidence, and therefore the court erred in refusing to instruct the jury to return a verdict in his favor. It is argued that the uncontroverted evidence shows that the plaintiff was well acquainted with the dangers incident to the work in which he was engaged, and fully appreciated the risks to which he was exposed. A careful review of the evidence satisfies us that this argument is unsound. It appears, as above stated, that the plaintiff, a boy only nine years old, was employed by the defendant to perform the work of driving a team or horse attached to a hay-stacker; that the plaintiff had had no previous experience in such work, except for a half day when he had driven a horse for a Mr. Ball. The defendant knew this fact, and he undertook to instruct the boy as to the manner in which he should perform the work. Defendant testified that he told the plaintiff how to drive; that he took the lines and showed him how the work should be done; that he afterwards noticed that the plaintiff was not doing the work properly, and he again instructed him how to drive the horses. This was when they were using the team instead of the single horse, which was in use at the time the accident occurred. The defendant also stated that he called the attention of the father of the boy to the fact that he was not driving properly, and told him if he did not do better he would get some other person to do that work; that the father made no reply. Defendant further testified that he told the plaintiff that, if the horses stopped before they reached the, end of the rope, he should whip them, and gave him a stick for that purpose. It therefore seems quite apparent that the defendant knew that, notwithstanding his instructions, the plaintiff was not possessed of sufficient judgment to comprehend and carry out those instructions.

It further appears that, when they quit using the team and commenced to use the single horse, the boy's father, who was the defendant's foreman, conducting the work in hand, selected the best set of single harness furnished

by the defendant for that purpose. It also appears that
the horse, after being used for a little time, formed a
habit of stopping short of the full length of the rope, and
it was necessary to whip him in order to correct that
fault; that the boy was given a stick for that purpose,
and on the occasion of his injury it is supposed that he
struck the horse, in order to make him pull up to the full
length of the rope and thus drop the hay squarely upon
the stack; that, in so doing, the accelerated speed or
plunge of the horse caused one of the tugs to break or
come apart where it had been spliced, with the result that
the end of the whiffletree, which was thus released, flew
back and struck the plaintiff in the face, causing the in-
juries of which he complained.

In view of this state of facts, which seem to be estab-
lished beyond dispute, we are of opinion that this case
should be ruled by *Ittner Brick Co. v. Killian,* 67 Neb. 589.
That was a case where the plaintiff, a bright, intelligent
boy, 14 years of age, was injured while oiling a pressed-
brick machine, at the command of the master. It ap-
peared in that case, as in the case at bar, that the plain-
tiff had been instructed how to perform his duties, and
had been warned of the danger in performing them; and
yet, notwithstanding that fact, he was allowed to recover.
There, the trial court instructed the jury that, "under the
law, when one is known to be inexperienced, who is put
to work upon a machine which is dangerous to operate
unless with care and by one who is familiar with its struc-
ture, it is the duty of the employer to instruct such person
so that he will fully understand and appreciate the danger
of his employment and the necessity for the exercise of
due care therein. Therefore, if you find from the evidence
that the employment of plaintiff at the time of his injury
was dangerous, and that plaintiff was known to be inex-
perienced, and that defendant knew the peril or should
have known the peril to which plaintiff would be exposed,
and did not give him sufficient instruction therein, and
if he from youth or inexperience failed to appreciate the

danger, and was injured in consequence thereof, and because of defendant's negligence, and the plaintiff was not guilty of contributory negligence, then the defendant is responsible." That instruction was approved, and it was held that, youth and inexperience being inherent, and not the result of carelessness or negligence, it was not error to state in an instruction for personal injuries that if plaintiff, "because of his youth and inexperience, failed to appreciate the danger," and, because of want of proper instruction, fails properly to appreciate the risks involved in certain labor which he is commanded by the master to perform, and is injured, the master will be liable.

It should be observed that, while the plaintiff in this case was instructed how to drive the team, and was told how to avoid the danger and escape injury, still it appears that the father of the boy instructed him to lead the team, and, when the team was exchanged for the single horse, to lead the horse. It appears, however, that after a time it was found that plaintiff could not induce the horse to go far enough to properly dump the hay on the stack by leading him, and then, in order to perform the work, the child was compelled to walk behind the horse and whip him when he arrived at that point. This the defendant had directed the plaintiff to do, and when he was injured he was doing the very act which he had been commanded to perform. Notwithstanding the fact that the plaintiff had been told that there was danger, it cannot be presumed that a child only nine years old was possessed of sufficient judgment and forethought to fully appreciate such danger. Without doubt, when plaintiff saw it was necessary to whip the horse, he stepped up behind him to perform that act without sufficient comprehension of the result in case of accident. The defendant must have been aware of that fact, and he should not have employed a child of the tender years of the plaintiff to perform so dangerous a service. We are therefore of opinion that this contention should not be sustained.

Defendant's next contention is that the uncontroverted

evidence shows that the plaintiff was guilty of negligence which directly contributed to the injuries received by him, and therefore the court erred in overruling defendant's motion for a directed verdict. It is argued that the plaintiff should have walked to one side, or, in other words, kept away from behind the horse when performing his duties, and, failing to do so, he was guilty of contributory negligence. This argument would be forceful and controlling but for the fact that the plaintiff was a mere child.

In *Ittner Brick Co. v. Killian, supra,* it was said that there is no presumption that a child of 14 years has as much prudence and understanding as an adult, and, where such child has been injured while engaged in a dangerous work which he has been commanded to do, it is for the jury to say, considering his age and experience, whether he assumed the risks of his employment. That, where the boy 14 years old undertakes a dangerous work in disobedience to the command of the master, the law will not deny him relief on the ground of contributory negligence, unless the danger was so manifest and glaring that it must have been known to one of his age and experience that he could not do it without injury. We think that rule applies with irresistible logic to the facts of this case.

It appears in the opinion in the *Ittner* case that on cross-examination the plaintiff was asked: "You knew that if you did not take it (his hand) out of the mould it would get caught? A. Yes, sir. Q. You understood that perfectly well, just as well as you knew that if you put your finger in the fire it will be burned? A. Yes, sir." In the case at bar the defendant sought to escape liability by a similar line of questions propounded to the plaintiff, and it may be granted that the plaintiff knew perfectly well that, if he stood too close to the whiffletree and anything should break or give way, he would be injured. But the question still remains, did he possess sufficient prudence, discretion and understanding to appreciate the danger? We think not, and are therefore of

opinion that the plaintiff in this case was not guilty of contributory negligence.

Errors are assigned for the giving and refusing of instructions by the trial court. To quote and comment upon each of those instructions would extend this opinion to an unreasonable length. It is sufficient to say that the jury were fairly instructed as to the issues and the law of this case. Indeed, we find some of the instructions more favorable to the defendant than they should have been, and we are satisfied that there was no error in giving and refusing instructions.

It is further contended that there is a variance between the allegations of the plaintiff's petition and the proof. As we view the record the allegations of the petition are sufficient to sustain the verdict, and we find no intimation in the record, or in the brief of counsel, that defendant was surprised or misled or in any way prejudiced by such variance, if any there was.

A careful examination of the record satisfies us that the defendant had a fair trial; that no reversible error was committed; and the judgment of the district court is therefore

AFFIRMED.