AVA RENEE GADEKEN, A MINOR, BY AND THROUGH RICHARD GADEKEN, HER FATHER AND NEXT FRIEND, APPELLANT, V. JOE LANGHORST, APPELLEE.

226 N. W. 2d 632

Filed March 13, 1975. No. 39623.

Nelson, Harding, Marchetti, Leonard & Tate and Kenneth Cobb, for appellant.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.[*]

This was an action by Richard Gadeken as father and next friend of the plaintiff, Ava Renee Gadeken, to recover damages for the injuries she sustained in an automobile accident. The plaintiff appeals from an order dismissing the action at the close of the plaintiff's evidence.

The accident happened on August 6, 1971, at about 11:35 a.m., at the intersection of Bridge Street and Mill

Street in West Point, Nebraska. The plaintiff was injured when her bicycle struck the side of an automobile operated by the defendant, Joe Langhorst.

Bridge Street is a two-lane paved street, approximately 40 feet wide, which runs east and west. Mill Street is 28 feet wide, is surfaced with gravel, and runs north and south. Bridge Street is protected by stop signs erected at the southeast and northwest corners of the intersection.

Railroad tracks run parallel to Mill Street and cross Bridge Street approximately 19 feet east of the intersection. The railroad crossing is about 4 feet higher than the intersection so Bridge Street slopes down to the west from the railroad crossing to the intersection.

The plaintiff was on her way to a picnic at the time the accident happened. She testified that she approached the intersection from the east and stopped near the north curb of Bridge Street about halfway between the railroad tracks and the intersection. At this time there were two girls on the sidewalk on the north side of Bridge Street near the railroad crossing. One of these girls testified that the plaintiff stopped near the railroad crossing before proceeding west on Bridge Street.

There was a gravel truck proceeding south on Mill Street and the plaintiff waited until the truck had cleared the intersection before proceeding west. After the truck had crossed the intersection, the plaintiff proceeded west on Bridge Street but did not see the defendant's automobile until just before the impact. Her testimony indicates the front of the defendant's automobile was about one-third of the way across the intersection when she saw it for the first time. At that time she was just "starting out" or starting to pedal the bicycle. The plaintiff attempted to stop but was unable to do so and the bicycle struck the right side of the defendant's automobile behind the rear wheel. At the time of the impact the front of the defendant's automobile was north of the intersection.

The defendant testified that he stopped at the stop sign on the south side of the intersection and waited to see whether the gravel truck coming from the north would make a left turn. After the gravel truck had entered the intersection and it was apparent that it was not going to turn, the defendant proceeded into the intersection and the front ends of the two vehicles reached the center of Bridge Street at about the same time. At about this time the defendant noticed the two girls on the sidewalk north of Bridge Street. The defendant slowed down anticipating that the girls might run in front of him. While watching the girls on the sidewalk, the defendant glanced back and saw the plaintiff who was then east of the railroad tracks and coming west at a "terrific speed." The defendant looked toward the girls on the sidewalk and then back toward the plaintiff and the impact occurred.

The petition alleged the defendant failed to keep his car under reasonable control, failed to keep a proper lookout, failed to yield the right-of-way to the plaintiff, and failed to stop at the stop sign. Of these specifications only the allegations relating to lookout and right-of-way were supported by the evidence.

When the evidence is considered in the light most favorable to the plaintiff, the defendant's failure to see the plaintiff when she was stopped just east of the intersection was evidence of negligence on the part of the defendant that would create a jury question unless the plaintiff was barred by contributory negligence or her negligence was the sole proximate cause of the accident.

The plaintiff was 11 years of age at the time of the accident. Whether negligence may be attributed to a minor 11 years of age is usually a question of fact for the jury. Bear v. Auguy, 164 Neb. 756, 83 N. W. 2d 559. The plaintiff was required to exercise that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use in

the same situation. Sacca v. Marshall, 180 Neb. 855, 146 N. W. 2d 375.

The plaintiff's failure to see the defendant's automobile until it was one-third of the way across the intersection was evidence of contributory negligence. When the plaintiff stopped east of the intersection to allow the gravel truck to cross Bridge Street she was in a place of safety so far as traffic crossing Bridge Street was concerned. When she proceeded west on Bridge Street while the defendant's automobile was crossing the intersection she entered an area of danger. Her inability to stop or turn aside to avoid colliding with the side of the defendant's automobile was further evidence of contributory negligence. However, under all the circumstances of the case, we believe it was a question for the jury whether the plaintiff was guilty of negligence sufficient to bar her recovery.

With regard to proximate cause, we do not believe the evidence established as a matter of law that the plaintiff's negligence was the sole proximate cause of the accident. The plaintiff was on an arterial street and, ordinarily, would have the right-of-way as against traffic entering the intersection from a side street. The evidence does not establish with certainty when the plaintiff began to proceed west on Bridge Street after stopping for the gravel truck. If her conduct was such that a reasonable person would have concluded that she intended to yield the right-of-way to both the gravel truck and the defendant, then the jury could find that her attempt to cross the intersection after the defendant had entered the intersection was the sole proximate cause of the accident. This is a conclusion that might be drawn after a consideration of all the facts and circumstances but it is a matter about which reasonable minds might differ.

We conclude that the judgment should be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

NEWTON, J., dissenting.

I dissent from the conclusion reached in this case. In my judgment the sole proximate cause of the accident was the action of the injured minor.