LARRY G. KORBELIK, AS FATHER AND NEXT FRIEND OF JAMIE
L. KORBELIK, A MINOR, APPELLANT, v. JULIE E. JOHNSON,
ET AL., APPELLEES.
227 N. W. 2d 21

Filed March 27, 1975. No. 39550.

Nelson, Harding, Marchetti, Leonard & Tate, Kenneth
Cobb, and Ronald D. Lahners, for appellant.

Healey, Healey, Brown, Wieland & Burchard, for
appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Larry G. Korbelik brought this personal injury action
on behalf of his 5-year-old daughter, Jamie, alleging
that the defendant, Julie E. Johnson, had negligently
driven an auto into Jamie while she was crossing a

school walk traversing Holdrege Street at 61st Street in Lincoln, Nebraska. The action was tried to a jury, a verdict being returned for the defendants. Plaintiff appeals, urging that the instructions given the jury by the trial court contain reversible error. We affirm.

The petition of plaintiff upon which the action was tried alleged that Julie Johnson, while driving east on Holdrege Street, struck Jamie while she was within a school crosswalk. The negligence of defendant was predicated on allegations that she failed to maintain a proper lookout; failed to keep her vehicle under reasonable control; failed to yield the right-of-way to a child within a school crosswalk, violating section 10.32.010(c)(1) of the ordinances of Lincoln, Nebraska; and failed to operate her vehicle at a speed reasonable in view of the circumstances, violating section 10.32.200(b) of the Lincoln ordinances. The defendants answered this petition, admitting the occurrence of the accident, but denying all the other allegations of the petition. Defendants specifically alleged that the proximate cause of the injury to Jamie was her sudden darting into the street at a place other than a crosswalk.

The testimony at trial was conflicting. The plaintiff adduced evidence showing that Jamie, along with her mother and brother, were in the school crosswalk 3 feet from the south curb waiting for an opportunity to cross, and that the defendant, Julie Johnson, should have seen them but failed to stop to permit pedestrians to cross; that Jamie stepped forward from her mother's side at a fast walk and was struck by the right front fender of the defendants' car. The defendants introduced evidence indicating that Jamie, her mother, and brother were walking west on the sidewalk south of Holdrege Street as the defendant approached the crosswalk from the west. Jamie, her mother, and brother left the sidewalk before coming to the crosswalk and either stopped at the curb, or were stepping into the street and at that time the defendant observed Jamie's

mother and brother but not Jamie who was on her mother's right out of defendant's view. Thereupon Jamie began running, making the accident unavoidable on the part of the defendant who was then too close (20 feet) to stop in time despite a quick application of the brakes. There is no direct evidence of the defendant's speed when she first saw the pedestrian but there is evidence from which the jury could have concluded that the automobile came to a stop within about 45 feet from the time defendant observed the child move from her mother's side. Defendant did testify that as she approached the scene she was traveling 20 to 25 miles per hour. The evidence does not indicate at what point this was.

It was shown at trial that the accident occurred at a time when children are normally walking to school and that along the route traveled by defendant there existed three signs warning of the existence of the school crosswalk ahead and the necessity of stopping for children in the crosswalk.

The instructions given the jury which are relevant to this appeal are:

### "INSTRUCTION NO. 8

"The Ordinances of the City of Lincoln, Nebraska, in effect at the time of the accident involved herein, provided in substance as follows:

"When automatic traffic signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk.

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

"No pedestrian shall cross a roadway at any place other than by a route at right angles to the curb or

by the shortest routes to the opposite curb except in a crosswalk.

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"The maximum speed limit at the location of this accident was 35 miles per hour, but no person shall drive a vehicle on any street within the city at a rate of speed greater than is reasonable and prudent under the conditions then existing.

"Violation of any of the above ordinances on the part of the defendants, if any such you find, is not of itself negligence but is evidence of negligence which may be taken into consideration with all other facts and circumstances in determining whether or not negligence on the part of the defendants is established thereby. It is for you to determine whether any of the foregoing ordinances have been violated by the defendants, and if so, whether such violation was negligence which was the proximate cause of the accident.

"However, if you find that the acts of Jamie L. Korbelik were contrary to any of the foregoing ordinances, because of her age you may not find that this was either negligence or evidence of negligence on her part, but the appropriate ordinances relating to pedestrians are set forth in full to aid you in determining the question of right of way as alleged in plaintiff's petition.

"INSTRUCTION NO. 9

"A person may assume that every other person will use reasonable care and will obey the law until the contrary reasonably appears.

"INSTRUCTION NO. 10

"A motorist who observes or should reasonably anticipate the presence of children in the street is obliged to use reasonable care in view of all the circumstances. Such a motorist should realize that not all children ex-

ercise the same prudence and judgment of experienced persons and that some of them might do impetuous or thoughtless acts. He is not required to insure the safety of a child or to prevent the injury to a child at all costs. It is for you to determine the amount of care which a reasonable prudent person should have exercised under the circumstances and in view of the amount of danger which should have been then anticipated. The failure to use such amount of care, if such you find, constitutes negligence.

### "INSTRUCTION NO. 11

"One of the issues in this case is whether the accident was caused by the conduct of Jamie L. Korbelik. If you find the sole proximate cause of the accident was the conduct of Jamie L. Korbelik, then your verdict should be for the defendants. However, if the plaintiff has proved by a preponderance of the evidence, that some negligence of the defendants as set forth in Instruction No. 2 was the proximate cause or a proximately contributing cause of the accident, then the conduct of Jamie L. Korbelik could not be the sole proximate cause thereof.

### "INSTRUCTION NO. 12

"The court has determined as a matter of law that Jamie L. Korbelik, because of her age at the time of the accident, cannot be charged with negligence or contributory negligence. However, if you find that her act was the sole proximate cause of the accident and her injury, then you must be governed by Instruction No. 11."

The plaintiff argues three grounds for reversal: (1) It was error to instruct the jury to find for the defendants if it considered the sole proximate cause of the accident to be Jamie's conduct. (2) It was error to instruct the jury that a person may assume that others will use reasonable care and obey the law when a motorist knows or should know that children may be cross-

ing a street. (3) The instructions were prejudicially conflicting.

There is no merit to plaintiff's first contention. Even if a child is not capable of contributory negligence, if such child's conduct can be considered the sole proximate cause of his injury, there can be no recovery. De Griselles v. Gans, 116 Neb. 835, 219 N. W. 235. This is but another way of stating that even a child's recovery must be based upon actionable negligence of the defendant motorist. The jury was clearly and unequivocally instructed that if the defendant was in any way negligent and that negligence contributed to the accident, then whatever the child did could not be the *sole* proximate cause of the injuries.

The second and third contentions raised by plaintiff will be considered together. The first facet of this portion of plaintiff's argument urges that the portion of instruction No. 8, which embodies the duty to yield imposed upon a pedestrian by ordinance, prejudicially conflicts with instruction No. 10 which correctly states the duty of a motorist toward children. Plaintiff's petition alleged the right-of-way ordinance as being evidence of defendant's negligence. The jury could not decide whether defendant had violated ordinances of the city of Lincoln without a complete understanding of the rights and duties of both drivers and pedestrians under the Lincoln ordinances. There is no prejudicial conflict between this instruction and instruction No. 10 which would allow plaintiff to recover irrespective of an ordinance if the duty of care outlined in this latter instruction was not observed by the defendant.

Plaintiff's next argument presents a more complex problem. It is urged that instruction No. 9 in this case was improper: "A person may assume that every other person will use reasonable care and will obey the law until the contrary reasonably appears." Plaintiff maintains that this conflicts with and negates the effect of instruction No. 10 which outlines the duty of a motorist

in a situation where the presence of children should be reasonably anticipated. Defendants defend the trial court's instruction No. 9 by noting that there is a question of fact as to whether the defendant should have seen Jamie. If the defendant's testimony was accepted by the jury, it could have found that until the time Jamie left her mother's side, defendant ought to have seen only a child in the apparent control of an adult person.

The courts that have had occasion to consider the question of how the duty of a driver is affected by the fact that the child known to be present is in the apparent control of an adult have sometimes stated that nonetheless there is a duty to exercise a high degree of care and in other cases have stated that under such circumstances the driver is not required to exercise the same high degree of care as in the case when the child is unattended. Peperone v. Lee (La. App.), 160 S. 467; Wise v. Eubanks (La. App.), 159 S. 161. The mere presence of an adult and a child or children where control by the adult is not apparent does not affect the standard of care to be exercised as to the child. Matulich v. Crockett (La. App.), 184 S. 748. Still another court has indicated that it is for the jury to determine under all the circumstances what conduct of a child in the apparent control of an adult should be anticipated by the driver. Bouley v. Miller, 322 Mass. 369, 77 N. W. 2d 397. We have said in cases not involving a child attended by an adult that until the driver of an automobile has notice of the presence or the likelihood of the presence of children near his line of travel he is bound only to the exercise of reasonable care, and has the right to assume others will do likewise; and until he has such notice the rule is the same as respects children and adults. De Griselles v. Gans, *supra*.

Under the evidence in this case, we are of the opinion that the giving of instruction No. 9 was not erroneous. It was for the jury to determine whether the defendant

failed in a duty to anticipate an impetuous act on the part of a child in the apparent control of an adult. It would, of course, have no application where the evidence adduced could support only an inference that the driver ought to have seen or anticipated the presence in the street of an unattended child.

Under the defendant's version of the evidence, despite her admission that she did not notice the signs warning of the crosswalk, she nonetheless did observe the presence of the mother and child under the adult's apparent control when both were in a place of safety. Thus was presented a jury question and instruction No. 9 could be applicable. Under the plaintiff's version of the evidence the defendant failed to yield the right-of-way and failed to observe the presence of the parent and a walking (not running) child already in the street. Instruction No. 10 was then applicable. We do not feel that the jury could have been misled as to how instructions Nos. 9 and 10 were to be applied. It is apparent that the jury must have accepted the defendants' version of the evidence and concluded that under the circumstances the defendant was not negligent in not anticipating the action of the child and did not fail to observe something that she should have observed, and she was not traveling at an excessive rate of speed.

There was no prejudicial error in the instructions.

AFFIRMED.