ROBERT W. CAMERLINCK, A MINOR,
BY AND THROUGH HIS PARENT AND NEXT FRIEND,
ROBERT CAMERLINCK, APPELLANT, V.
ANN J. THOMAS, GUARDIAN AD LITEM
OF BYRON J. THOMAS (FORMERLY KNOWN AS
JAMES E. CLAYTON III), A MINOR, APPELLEE.

312 N.W.2d 260

Filed November 6, 1981. No. 43506.

Thomas J. Culhane of Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, P.C., for appellant.

Joseph K. Meusey of Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

The issue in this case is whether a child 6 years of age is chargeable with negligence as a matter of law. In this case, Robert Camerlinck, father and next friend of the plaintiff, Robert W. Camerlinck (Bobby), brought an action against Ann J. Thomas, mother of Byron J. Thomas (Jay), to recover damages for an injury sustained when Bobby was struck in his left eye with a stick by Jay Thomas while Jay was sliding down a playground slide. As Jay neared the bottom of the slide, he called out, "Hey, Bobby"; Bobby, who was standing near the bottom of the slide, turned around in response to the call and was struck in the left eye with a stick held by Jay. The blow pierced Bobby's eyeball and caused a laceration of the cornea and a prolapsed iris, necessitating surgical procedures and resulting in a permanent loss of vision to Bobby. Bobby was 4½ years of age at the time of the occurrence, and the defendant's son, Jay, was 6 years and 1 month old. At the close of the plaintiff's evidence, defendant moved for a directed verdict and dismissal of the petition because, as a matter of law, the defendant's son was a

child of tender years and not capable of actionable negligence. The trial court sustained defendant's motion and dismissed plaintiff's petition.

In his brief on appeal, plaintiff assigns as error the action of the trial court in ruling that Jay was incapable of negligence as a matter of law solely because of his age, and also in sustaining defendant's motion to dismiss, contending that the trial court should have submitted to the jury the question of whether Jay was negligent under the circumstances present in the case.

Since the trial court in this case directed a verdict and dismissed plaintiff's petition, we note that the standard of review applicable to this case has been stated as follows: "A motion for directed verdict or for judgment notwithstanding the verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." *Bear v. Auguy*, 164 Neb. 756, 760, 83 N.W.2d 559, 563 (1957). See, also, *Armer v. Omaha & Council Bluffs St. Ry. Co.*, 151 Neb. 431, 37 N.W.2d 607 (1949); *Syas v. Nebraska Methodist Hospital Foundation*, ante p. 201, 307 N.W.2d 112 (1981).

At this point, a review of the Nebraska case law dealing with the negligence of children is necessary. One of the earliest cases to discuss the question is *Huff v. Ames*, 16 Neb. 139, 19 N.W. 623 (1884). That case involved an action by a boy 11 years of age who was injured when his hand was caught between the rollers in a mill, resulting in the amputation of two of his fingers. The defendant claimed the injury resulted from the contributory negligence of the infant plaintiff. This court held that it was proper for the trial court to instruct the jury that in determining whether or not the plaintiff was guilty of negligence

it should take into consideration his age and discretion in determining that fact and that the same degree of caution and care should not be required of him as in the case of an adult under similar circumstances. In *Huff* the court pointed out: "'Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child three years of age, less caution would be required than of seven, and of a child of seven less than one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case.'" *Id.* at 142, 19 N.W. at 624.

In 1914 we decided the case of *Dore v. Omaha & C.B. Street R. Co.*, 97 Neb. 250, 149 N.W. 792 (1914), in which we held that it cannot be said to be negligence as a matter of law for a child of the age of 7 years, after giving of signal for a streetcar to stop at the next street crossing, to leave his seat as the car approaches the desired crossing and stand in the doorway preparatory to leaving the car, when the car should stop at the indicated point for stopping. In that case we stated: "The strict rules of contributory negligence cannot be applied to a child of the age of plaintiff at that time. The facts necessarily found by the jury fail to show any negligence on his part, even could his age not excuse or exempt him from that charge." *Id.* at 255, 149 N.W. at 794.

In 1915 the issue was again presented to this court in *Sacca v. Omaha & C. B. Street R. Co.*, 98 Neb. 73, 152 N.W. 315 (1915). In *Sacca* this court stated: "It is urged that the court erred in taking away from the jury the question of contributory negligence on the part of the child. Without attempting to fix the exact age at which a child may be said to be responsible for his acts, and capable of being guilty of negligence, we believe that this child, who was under six years of age, cannot, under all of the circumstances of the case, be charged with negligence, and that the action of the

court in withdrawing this question from the jury was not prejudicial. The child was of such tender years that it cannot be deemed in law possessed of sufficient discretion to make it guilty of negligence for its failure to exercise due care for its safety." *Id.* at 76, 152 N.W. at 316.

In 1917 we held in *Rule v. Claar Transfer & Storage Co.*, 102 Neb. 4, 165 N.W. 883 (1917), that, as a general rule, whether a child 11 years of age is of sufficient knowledge, discretion, and appreciation of danger that it may be held guilty of contributory negligence is a question for the jury to determine. Quoting from the opinion in that case: "It is also argued that a party cannot complain of the negligence of another where his own negligence concurs in producing the injury, and that a child 11 years of age living in the city and of ordinary intelligence may be guilty of contributory negligence as a matter of law. Of the soundness of these propositions we have little doubt. The general rule is that whether contributory negligence may be attributed to a child of such tender years is a matter for the jury under all the circumstances of each case. *Breedlove v. Gates*, 91 Neb. 765. It is only in an extreme case where the facts show plainly knowledge and appreciation of the danger to be incurred if a certain act is performed, such as in the case of *Johnston v. New Omaha T.H.E.L. Co.*, 78 Neb. 27, that a court will declare as a matter of law that a child of that age may be guilty of contributory negligence. The writer has always been of the view that the *Johnston* case is an exception to the general rule, and its doctrine should not be further extended. Even if it were established that the plaintiff was of full age and discretion and 'cut the corner' in violation of the ordinance, yet this would not necessarily establish contributory negligence as a matter of law. *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb. 848, 859; *Missouri P. R. Co. v. Geist*, 49 Neb. 489, 496." *Id.* at 7-8, 165 N.W. at 884.

*De Griselles v. Gans*, 116 Neb. 835, 219 N.W. 235

(1928), involved an accident between a truck and an 8-year-old boy who ran out of an open yard behind a brick building. The court held as a matter of law that the act of the child was the proximate cause of the collision; but in the opinion, Redick, District Judge, stated: "The plaintiff's decedent, on account of his tender age, is not chargeable with contributory negligence, but in determining the existence of negligence upon the part of the defendant, having no notice of the presence of children, the same rules apply in both cases; and while the boy is not chargeable with negligence, if his act, whether negligent or not, was the proximate cause of his death, there can be no recovery." *Id.* at 843, 219 N.W. at 238.

The statements contained in the *Sacca* and *De Griselles* cases, *supra*, were repeated and affirmed in the subsequent case of *McKinney v. Wintersteen*, 122 Neb. 679, 241 N.W. 112 (1932), in which case this court held that a child 6 years of age is not possessed of sufficient discretion to make her guilty of negligence, or contributory negligence, for her failure to exercise due care for her safety.

That same year this court decided the case of *Siedlik v. Schneider*, 122 Neb. 763, 241 N.W. 535 (1932), which involved the alleged contributory negligence of a boy 7 years of age. In that case this court held that a child of tender years is not chargeable with contributory negligence, and that an instruction submitting that question to the jury was error. In *Siedlik* the court, citing as authority the *Sacca* and *De Griselles* cases, stated: "A child of tender years—and it must be conceded that the plaintiff was a child of tender years—is not chargeable with negligence or with contributory negligence." *Id.* at 765, 241 N.W. at 536.

*Siedlik* was followed in 1947 by the case of *Tews v. Bamrick and Carroll*, 148 Neb. 59, 26 N.W.2d 499 (1947), which case involved a minor 5 years of age who ran into the side of a truck tractor and was

injured. In the opinion in that case, this court, citing as authority the *McKinney, Siedlik,* and *De Griselles* cases, stated: "It can be here said that the conduct of the boy was undoubtedly negligent, but we have often said a child of tender years is not chargeable with contributory negligence." *Id.* at 66, 26 N.W. 2d at 504.

The issue before us was discussed in more detail in the case of *Armer v. Omaha & Council Bluffs St. Ry. Co.,* 151 Neb. 431, 37 N.W.2d 607 (1949), which case involved the capacity for negligence of an 11-year-old girl. In that case the court held that the age when an infant during his minority may be capable of understanding and avoiding dangers encountered while traveling upon a public street in a city cannot be fixed by arbitrary rule, and generally is a question of fact for the jury, and that whether or not an infant between 11 and 12 years of age is of sufficient knowledge, discretion, and appreciation of danger that he may be subject to the defense of contributory negligence is generally a question of fact and not of law. Because of its excellent discussion, we quote rather extensively from the opinion of the court at 437-38, 37 N.W.2d at 610-11: "The appellant was about three months past 11 years of age, and cannot be charged with the degree of caution required of an adult in guarding against possible accidents while traveling upon and crossing a street in a city. There is no arbitrary rule fixing the time at which a child during its minority may be declared wholly capable or incapable of understanding and avoiding dangers to be encountered while engaged in such an activity. It is generally considered that such a question is one of fact to be decided by a jury. Whether or not negligence may be attributed to a child of such tender years is usually a matter for a jury under the circumstances of each case. It is only in an extreme situation where the facts show plainly knowledge and appreciation of the danger to be incurred, if certain action is had, that a court may decide as a matter of law that a child of such an age

was guilty of negligence, or that his act or omission was the proximate cause of the happening in question. It was a question for the jury whether or not the appellant, a child slightly more than 11 years of age, was or could be negligent, and whether or not any act or omission on her part was the proximate cause of the collision. Tews v. Bamrick, 148 Neb. 59, 26 N.W.2d 499; Rule v. Claar Transfer & Storage Co., 102 Neb. 4, 165 N.W. 883; Chicago, B. & Q. R.R. Co. v. Russell, 72 Neb. 114, 100 N.W. 156; Kauffman v. Fundaburg, 123 Neb. 340, 242 N.W. 658; McKinney v. Wintersteen, 122 Neb. 679, 241 N.W. 112; Siedlik v. Schneider, 122 Neb. 763, 241 N.W. 535.

"The conduct of appellant as shown by this record should not, her age considered, conclusively bar her right of recovery, conceding that she was a bright, intelligent girl; had lived in Omaha and had on occasions ridden bicycles on the streets for two years; and was as familiar with the operations of vehicles and bicycles on the street as any girl of her age and discretion would usually be. She doubtless knew that there was danger of injury in traveling in the street and in turning to the left to cross the street. Nearly any child of her age would answer, if asked, that it knew if it fell in the river it might be drowned; if it fell in the fire it would be burned; or if it got in the way of a streetcar or a motor vehicle it would be injured and possibly killed; but mere childish knowledge of everyday things does not necessarily establish that they appreciate or understand the necessity for keeping away from, or not doing these things. They act on impulse, and often the greater the danger, the greater the challenge. They do dangerous things without thought of the consequences that may follow what they do, and to conclude as a matter of law that a child of such an age as the appellant should be held to the high standards demanded of adults in looking after their own and the safety of others is opposed to good judgment and sound law. The infant is favored by

the law not so much on his lack of knowledge as because of indiscretion, imprudence, lack of judgment, and impulsiveness.

"What is required of an infant is the exercise of that degree of care which an ordinary prudent child of the same capacity to appreciate and avoid danger would use in the same situation. Smith v. Smith-Peterson Co., 56 Nev. 79, 45 P. 2d 785, 100 A.L.R. 440; Sadlowski v. Meeron, 240 Mich. 306, 215 N.W. 422; Hackert v. Prescott, 165 Minn. 134, 205 N.W. 893; Annotation, 107 A.L.R. 4; Annotation, 174 A.L.R. 1174; Collins v. Weise, 110 Neb. 552, 194 N.W. 450; 45 C.J., Negligence, § 552, p. 998."

*Armer* was followed by the case of *Adams v. Welliver*, 155 Neb. 331, 51 N.W.2d 739 (1952), which involved a minor 9 years of age. In that case the court ruled that the age when an infant during its minority may be capable of understanding and avoiding dangers encountered while traveling upon a public street in a city cannot be fixed by arbitrary rule, and is generally a question of fact for the jury. The court also ruled that whether or not an infant between 9 and 10 years of age is of sufficient knowledge, discretion, and appreciation of danger that he may be subject to the defense of contributory negligence is generally a question of fact and not of law. The court also held that what is required of an infant is the exercise of that degree of care which an ordinary prudent child of the same capacity to appreciate and avoid danger would use in the same situation. In its opinion in *Adams* the court quoted at length from *Armer* and *De Griselles*, and concluded by stating at 341, 51 N.W.2d at 745: "The cases determined by this court which hold that an infant of tender years is not chargeable with contributory negligence appear to be cases where the infant is shown to be 7 years old or less, and where the evidence discloses the infant did not possess sufficient knowledge, discretion, and appreciation of the danger that he might be subject to the defense of

contributory negligence."

The case of *Bear v. Auguy*, 164 Neb. 756, 83 N.W.2d 559 (1957), held that whether or not a minor between 14 and 15 years of age is of sufficient knowledge, discretion, and appreciation of danger that he may be subject to the defense of contributory negligence is generally a question of fact and not of law. The court also reiterated the rule previously stated that the degree of care required of a minor is that which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use in the same situation. In its opinion in *Bear* the court stated at 767-69, 83 N.W.2d at 567: "The standard of care required of a minor such as the plaintiff at the time of the accident is set forth in Armer v. Omaha & C.B. St. Ry. Co., 151 Neb. 431, 37 N.W.2d 607. The plaintiff was 14 years and nearly 8 months of age at the time of the accident, and cannot be charged with the same degree of caution required of an adult in guarding against possible accidents while traveling upon and crossing a street in a city. There is no arbitrary rule fixing the time at which a child during his minority may be declared wholly capable or incapable of understanding and avoiding dangers to be encountered while engaged in such an activity. Whether or not negligence may be attributed to a minor of the age of the plaintiff is usually a matter for a jury under the circumstances of each case. It is only in an extreme situation where the facts show plainly knowledge and appreciation of the danger that may be incurred, if certain action is had, that a court may decide as a matter of law that a minor of such an age was guilty of negligence, or that his act or omission was the proximate cause of the happening in question. See, Tews v. Bamrick, 148 Neb. 59, 26 N.W.2d 499; Rule v. Claar Transfer & Storage Co., 102 Neb. 4, 165 N.W. 883; Chicago, B. & Q. R.R. Co. v. Russell, 72 Neb. 114, 100 N.W. 156; Kauffman v. Fundaburg, 123 Neb. 340, 242 N.W. 658; McKinney v. Wintersteen, 122 Neb. 679, 241

N.W. 112; Siedlik v. Schneider, 122 Neb. 763, 241 N.W. 535.

"The conduct of the plaintiff as shown by this record should not, his age considered, conclusively bar his right of recovery, conceding that he was a bright and intelligent boy, had lived in Omaha, was acquainted with the use of bicycles as most boys of his age are, and was familiar with the operation of motor bicycles having ridden thereon with other boys although this was the first occasion upon which he had operated one.

"What is required of a minor is the exercise of that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use in the same situation. Smith v. Smith-Peterson Co., 56 Nev. 79, 45 P.2d 785, 100 A.L.R. 440; Sadlowski v. Meeron, 240 Mich. 306, 215 N.W. 422; Hackert v. Prescott, 165 Minn. 134, 205 N.W. 893; Annotation, 107 A.L.R. 4; Annotation, 174 A.L.R. 1174; Collins v. Weise, 110 Neb. 552, 194 N.W. 450; 65 C.J.S., Negligence, § 146, p. 789; Locklin v. Fisher, 264 App. Div. 452, 36 N.Y.S.2d 162." In *Bear* the court held that the evidence was such that reasonable minds might draw different conclusions therefrom, and stated at 771, 83 N.W.2d at 569: "This being true, *the questions of negligence and contributory negligence are for the jury.*" (Emphasis supplied.)

Shortly after releasing our opinion in *Bear* this court decided the case of *Connors v. Pantano,* 165 Neb. 515, 86 N.W.2d 367 (1957), which case involved a slightly different question, that is, whether a child of the tender age of 4 years and 7 months was legally incapable of committing a willful and intentional act of destroying property within the purview of Neb. Rev. Stat. § 43-801 (Reissue 1952). The court held that a child of that age was incapable of so doing because he had not at that age sufficiently attained the use of those qualities of attention, intelligence, judgment, and reason that would be necessary for him to be capable of doing such act

willfully and intentionally. However, in the opinion in that case this court stated at 518-19, 86 N.W.2d at 369: "A comparable line of cases of this and other courts are those dealing with contributory negligence. Although an infant is liable for his torts (Churchill v. White, *supra*), we have often held a child of tender years cannot be charged with contributory negligence even though the latter does not require intent. See, Siedlik v. Schneider, 122 Neb. 763, 241 N.W. 535; Tews v. Bamrick, 148 Neb. 59, 26 N.W.2d 499. And this same holding has been applied to primary negligence. See Shaske v. Hron, 266 Wis. 384, 63 N.W.2d 706. As stated in Shaske v. Hron, *supra*: 'There is an age of a child at which general experience declares him to be non sui juris, and it has been generally considered that a child under five and one-half years of age is incapable of either contributory or primary negligence.' In the same opinion the court quotes from Restatement, Torts, § 283(e), p. 743, as follows: 'If he is "so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence, and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character," he is generally held incapable of negligence.'"

In *Eden v. Klaas*, 166 Neb. 354, 89 N.W.2d 74 (1958), this court ruled that a child 5 years of age may not properly be charged with contributory negligence.

This case was followed by *Vacanti v. Montes*, 180 Neb. 232, 142 N.W.2d 318 (1966), in which we held that what is required of an infant is the exercise of that degree of care which an ordinary prudent child of the same capacity to appreciate and avoid danger will use in the same situation; and that the age that an infant during its minority may be capable of understanding and avoiding dangers encountered while traveling upon a public street in a city cannot be fixed by arbitrary rule, and is generally a question of fact for the jury. However, in that case the infant involved

was between 9 and 10 years of age, and the court instructed the jury that whether or not negligence may be attributed to a minor of the age of the plaintiff is a matter for the jury to determine under all the circumstances of the case. This court stated that the instruction quite fully and correctly set forth the standard of duty and care required of the plaintiff as a minor and the law concerning contributory negligence as applied to her as stated in *Adams v. Welliver*, 155 Neb. 331, 51 N.W.2d 739 (1952).

Nine years later, this court decided *Gadeken v. Langhorst*, 193 Neb. 299, 226 N.W.2d 632 (1975), which involved the question of whether a minor 11 years of age could be guilty of negligence. The court, citing as authority *Bear v. Auguy*, 164 Neb. 756, 83 N.W.2d 559 (1957), and *Sacca v. Marshall*, 180 Neb. 855, 146 N.W.2d 375 (1966), held that a minor 11 years of age is required to exercise that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use in the same situation; and, also, that whether negligence may be attributed to a minor 11 years of age is usually a question of fact for the jury. In *Korbelik v. Johnson*, 193 Neb. 356, 361, 227 N.W.2d 21, 24 (1975), we stated: "Even if a child is not capable of contributory negligence, if such child's conduct can be considered the sole proximate cause of his injury there can be no recovery," citing as authority *De Griselles v. Gans*, 116 Neb. 835, 219 N.W. 235 (1928).

The most recent expression by this court on the question before us appears to be that contained in the case of *Caradori v. Fitch*, 200 Neb. 186, 263 N.W.2d 649 (1978), which involved an 11-year-old girl who was struck and killed by a vehicle while she was riding a bicycle. In that case the court restated the rule that a minor is held to the exercise of that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use. In the opinion the court stated: "The defendant first objects

856

to the instruction which detailed to the jury the standard of care of a child. The instruction recited that a minor is held to the exercise of that degree of care which an ordinarily prudent child of the same capacity to appreciate and avoid danger would use. The instruction was consistent with Nebraska law. See, Bear v. Auguy, 164 Neb. 756, 83 N.W.2d 559; Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N.W.2d 607." *Id.* at 188-89, 263 N.W.2d at 652.

It is obvious from a review of the foregoing authorities that the law of Nebraska as to whether a child of tender years, particularly a child of the age of Jay in this case, may be chargeable with negligence is, to say the least, not definitely settled, and our court has on various occasions pronounced totally different rules of law with reference to the question presented. It must be conceded, as a review of the foregoing authorities reveals, that this court has on occasions held that a child of tender years is not chargeable with contributory negligence as a matter of law, and the cases enunciating this rule have involved children ranging in age from 5 years of age to 11 years of age. In addition, we have also held that an ordinary, bright and intelligent boy of 12 who, having knowledge of the danger arising from electric light and power wires but not of its extent, purposely takes hold of such a wire in order to obtain a shock is guilty of contributory negligence. *Johnston v. New Omaha Thomson-Houston Electric Light Co., on rehearing,* 78 Neb. 27, 113 N.W. 526 (1907).

The more recent cases, however, appear to uphold the rule that there is no arbitrary rule fixing the time at which a child during his minority may be wholly capable or incapable of understanding and avoiding dangers to be encountered, and that whether or not negligence may be attributed to a minor is usually a matter for the jury. It should also be noted that although the cases in some jurisdictions distinguish between negligence and contributory negligence of

minors, Nebraska has been consistent in its holding that the same standards should apply in either situation. See, *Bear v. Auguy, supra; Connors v. Pantano,* 165 Neb. 515, 86 N.W.2d 367 (1957). Other jurisdictions have ruled to the same effect. See, *Goss v. Allen,* 70 N.J. 442, 360 A.2d 388 (1976); *DeLuca v. Bowden,* 42 Ohio St. 2d 392, 329 N.E.2d 109 (1975); *Zuckerbrod v. Burch,* 88 N.J. Super. 1, 210 A.2d 425 (1965); *Dunn v. Teti,* __ Pa. Super. Ct. __, 421 A.2d 782 (1980).

It appears that the rule advocated by the defendant in this case, which attempts to fix a minimum age below which a child is held to be incapable of negligence, is not the majority rule in this country, but, in fact, is a minority rule. Professor William L. Prosser discusses the matter in his treatise, "The Law of Torts," and reaches that conclusion, stating: "Some courts have attempted to fix a minimum age, below which the child is held to be incapable of all negligence. Although other limits have been set, those most commonly accepted are taken over from the arbitrary rules of the criminal law, as to the age at which children are capable of crime. Below the age of seven, the child is arbitrarily held to be incapable of any negligence; between seven and fourteen he is presumed to be incapable, but may be shown to be capable; from fourteen to twenty-one he is presumed to be capable, but the contrary may be shown. These multiples of seven are derived originally from the Bible, which is poor reason for such arbitrary limits; and the analogy of the criminal law is certainly of dubious value where neither crime nor intent is in question. The great majority of the courts have rejected any such fixed and arbitrary rules of delimitation, and have held that children well under the age of seven can be capable of some negligent conduct. Undoubtedly there is an irreducible minimum, probably somewhere in the neighborhood of four years of age, but it ought not to be fixed by rules

laid down in advance without regard to the particular case. As the age decreases, there are simply fewer possibilities of negligence, until finally, at some indeterminate point, there are none at all." W. Prosser, Law of Torts, *Negligence: Standard of Conduct* § 32 at 155-56 (4th ed. 1971). See, also, F. Harper & F. James, Law of Torts, *The Nature of Negligence* § 16.8 (1956).

We believe that the best statement of the rule with reference to the negligence of children is stated in Restatement (Second) of Torts § 283 A (1965), and the Comment to that section. The rule itself is cited in that work as follows at 14: "If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances." The Restatement states that the rule contained in that section is commonly applied to children of tender years. In Comment b of that section the Restatement discusses the *"Special standard for children,"* and we quote from that Comment at 15-16:

"The special standard to be applied in the case of children arises out of the public interest in their welfare and protection, together with the fact that there is a wide basis of community experience upon which it is possible, as a practical matter, to determine what is to be expected of them.

"A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult. His conduct is to be judged by the standard of behavior to be expected of a child of like age, intelligence, and experience. A child may be so young as to be manifestly and utterly incapable of exercising any of those qualities of attention, perception, knowledge, experience, intelligence, and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character. On the other hand, it is obvious that a minor who has not yet attained his majority may be quite as capable as an adult of exercising such qualities. Some courts have

endeavored to lay down fixed rules as to a minimum age below which the child is incapable of being negligent, and a maximum age above which he is to be treated like an adult. Usually these rules have been derived from the old rules of the criminal law, by which a child under the age of seven was considered incapable of crime, and one over fourteen was considered to be as capable as an adult. The prevailing view is that in tort cases no such arbitrary limits can be fixed. Undoubtedly there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found; but with the great variation in the capacities of children and the situations which may arise, it cannot be fixed definitely for all cases.

"Between the two extremes there are children whose capacities are infinitely various. The standard of conduct required of the child is that which it is reasonable to expect of children of like age, intelligence, and experience. 'Intelligence' includes other mental capacities, but does not include judgment, which is an exercise of capacity rather than the capacity itself. The fact that the child is mentally retarded, or that he is unusually bright for his years, is to be taken into account; but once such account is taken, the child is still required to exercise the judgment of a reasonable person of that intelligence. Likewise to be taken into account are the circumstances under which the child has lived, and his experience in encountering particular hazards, or the education he has received concerning them. If the child is of sufficient age, intelligence, and experience to understand the risks of a given situation, he is required to exercise such prudence in protecting himself, and such caution for the safety of others, as is common to children similarly qualified.

"It is impossible to lay down definite rules as to whether any child, or any class of children, should be able to appreciate and cope with the dangers of

many situations. A child of ten may in one situation have sufficient capacity to appreciate the risk involved in his conduct, and to realize its unreasonable character, but in another situation he may lack the necessary mental capacity or experience to do so; and in the case of another child of ten of different mental capacity or experience a different conclusion may be reached in the same situation."

Our review of the case law and discussion by commentators convinces us that the rule embodied in the Restatement, *supra*, should be followed in this jurisdiction; and we hereby apply it to the facts of this case and adopt it for future application.

In the instant case it would appear that at least a fact question with reference to Jay's capacity to realize that his actions presented a risk of harm to the plaintiff was present and should have been submitted to the jury. It appears from the record that Jay had attended 1 year of school and that his performance as a student had been at least average. The school he attended was located 4 or 5 blocks from his grandmother's home and he was permitted by his mother to return to his grandmother's home from school each day by himself. His mother testified that she permitted this because she felt he was experienced and mature enough to take care of himself. The park in which the plaintiff was injured was located near the home of Jay's grandmother, and Jay was frequently permitted to play in the park, unsupervised and unattended. Defendant testified that she had no doubt about his ability to take care of himself while alone in the park, and that she frequently talked with him about what he should and should not do when playing with other children, and had cautioned him against throwing things in the direction of other children's faces. Defendant testified that Jay seemed to understand her directions and warnings. This set of circumstances, we believe, presented a jury question on the issue of Jay's capacity for negligence, and also

whether or not his conduct was negligent.

We conclude that the trial court erred in directing a verdict in favor of the defendant and in dismissing plaintiff's petition. We therefore reverse the judgment and remand the case for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

CLINTON, J., dissents.