JOSE SUAREZ, A MINOR, BY AND THROUGH HIS FATHER AND NEXT FRIEND, JOSE SUAREZ, APPELLEE, V. OMAHA PUBLIC POWER DISTRICT, A POLITICAL SUBDIVISION, APPELLANT.

352 N.W.2d 157

Filed July 20, 1984.    No. 83-396.

Joseph E. Jones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Michael G. Goodman of Matthews & Cannon, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an action under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983), against Omaha Public Power District (OPPD) for the personal injuries sustained by Jose Suarez, a minor, when he came in contact with an electrical transmission line owned and maintained by OPPD. Mr. and Mrs. Eugene Hubenka, owners of the tree in which plaintiff was climbing when he came in contact with the wire, were dismissed from the lawsuit when the trial court sustained their motion for summary judgment. No issue was raised concerning this dismissal, and the Hubenkas are not a party to this suit.

The trial court, as trier of fact, found generally in favor of the plaintiff, Jose Suarez, and against the defendant, OPPD. Specifically, the court found that OPPD was negligent in maintaining the wires and in trimming the tree in question. The court also found that the plaintiff was negligent but that his negligence was slight when compared with the gross negligence of the defendant. The trial court entered judgment in favor of the plaintiff for $25,500.90, and the defendant properly perfected this appeal.

On the morning of April 13, 1981, plaintiff, a 12-year-old boy, along with a friend, Mike Wright, decided to climb a tree located in the Hubenkas' yard. The tree was a 27-foot pine tree. It was easily climbable, and both boys had climbed it numerous times before. A telephone wire and neutral ground wire ran through the tree. The tree had been trimmed in March 1980 at the direction of OPPD. The trimming left a stump with a horizontal base approximately 8 inches in diameter. Three uninsulated, high voltage wires were strung above the tree. The middle wire, which carried 4,160 volts of alternating current, was directly above the stump, with a vertical clearance between the stump and the wire of 6 feet. The parties stipulated that the wire with which the plaintiff came in contact was strung 33 feet above ground. The plaintiff climbed to the top of the tree, and Mike Wright was below him in the tree. Mike became frightened and wanted to get down. The plaintiff testified that his feet were on a branch about 1 foot below the top stump. He stated that he was bent at the knees and waist and that as he was climbing down he lost his balance. The next thing plaintiff remembers is waking up in the tree. Although the plaintiff admitted that just before he was shocked, he yelled, "I think I could almost touch the wires," the plaintiff testified he did not intentionally try to grab the wires, nor does he remember whether he reached up toward the wires. Plaintiff was 5 feet 5 inches tall on the day of the accident. He received electrical burns from contacting the wire, including an entry wound on the left hand and an exit wound on the lower portion of his right leg.

Plaintiff's claim against defendant was one sounding in negligence. In his petition the plaintiff alleged that OPPD was negligent in (1) maintaining a tree near a power pole in which uninsulated, high voltage wires were strung, (2) failing to trim the top of the tree back to increase the clearance between the top of the tree and the wires, (3) failing to warn of the dangers of climbing a tree and touching or coming in close proximity to the overhead wires, and (4) failing to take measures to insure that the plaintiff and other children would not climb the tree. In its answer OPPD denied being negligent, and added the defense that plaintiff was contributorily negligent.

The trial court held that plaintiff's negligence was slight in

comparison to defendant's negligence which was gross. OPPD appeals, and although it assigns numerous errors, we discuss only two, the negligence, if any, of the plaintiff and the defendant.

Findings of fact made by the district court in cases brought under the Nebraska Political Subdivisions Tort Claims Act will not be disturbed on appeal unless clearly wrong. *McGinn v. City of Omaha,* 217 Neb. 579, 352 N.W.2d 545 (1984); *Garreans v. City of Omaha,* 216 Neb. 487, 345 N.W.2d 309 (1984).

Although there are no Nebraska cases directly on point, there is no shortage of authority from other jurisdictions. See Annot., Liability for Injury to or Death of Child from Electric Wire Encountered while Climbing Tree, 91 A.L.R.3d 616 (1979).

The general rule as to the standard of care to which a child must conform to avoid being contributorily negligent is that of a reasonable person of like age, intelligence, and experience under the same circumstances. *Cullinane v. Interstate Iron & Metal,* 216 Neb. 245, 343 N.W.2d 725 (1984); *Camerlinck v. Thomas,* 209 Neb. 843, 312 N.W.2d 260 (1981).

At the time of the accident Jose Suarez was about 3 weeks shy of his 13th birthday and possessed average intelligence. He testified that he knew before he climbed the tree that there were powerlines running above the tree and that he could be shocked if he touched the lines. The record is unclear as to whether he knew the extent of the dangers of electricity.

As far back as 1907, and still applicable today, is our finding in *Johnston v. New Omaha Thomson-Houston Electric Light Co., on rehearing* 78 Neb. 27, 113 N.W. 526 (1907), that a 12-year-old child should possess sufficient knowledge that a wire which carries a current of electricity is capable of causing shock or injury should one come in contact with it. " 'One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent.' " *Disney v. Butler County Rural P. P. Dist.,* 183 Neb. 420, 423, 160 N.W.2d 757, 759 (1968).

Plaintiff was of sufficient age, intelligence, and experience to understand the risk of climbing to the top of the tree in proxim-

ity to overhead powerlines. We are in accord with the trial court judge, and we find that the plaintiff was guilty of contributory negligence.

If plaintiff's conduct was slightly negligent, it then became incumbent on him, in order to recover a judgment, to prove that defendant's conduct was gross in comparison. See, Neb. Rev. Stat. § 25-1151 (Reissue 1979); NJI 3.21.

Power companies which engage in the transmission of electricity, especially electricity of high voltage, are charged with the duty of exercising a very high degree of care to safeguard those whose lawful activities expose them to the risk of inadvertent contact with electrical lines, but they are not insurers and are not liable for damages in the absence of negligence. Power companies must anticipate and guard against events which may reasonably be expected to occur, and the failure to do so is negligence. See, *Lorence v. Omaha P. P. Dist.*, 191 Neb. 68, 214 N.W.2d 238 (1974); *Roos v. Consumers Public Power Dist.*, 171 Neb. 563, 106 N.W.2d 871 (1961). Included in this general duty of care is a more specific obligation. It has often been held that power companies which are engaged in the transmission of electricity cannot be totally oblivious to the fact that children have a natural and sometimes insatiable inclination to ascend even the highest of trees. It is ordinarily a question of fact, to be resolved by the trier of fact, whether or not a power company was negligent in the stringing, inspection, and maintenance of its transmission lines located in proximity to trees. See, *Blackwell v. Alabama Power Company*, 275 Ala. 123, 152 So. 2d 670 (1963); *Alabama Power Company v. Taylor*, 293 Ala. 484, 306 So. 2d 236 (1975); *Dolata v. Ohio Edison Co.*, 2 Ohio App. 3d 293, 441 N.E.2d 837 (1981); *Petroski v. NIPSCO*, 171 Ind. App. 14, 354 N.E.2d 736 (1976).

Judging the conduct of the defendant under this standard of care, it is difficult to understand how OPPD could anticipate that a child, nearly 13 years of age with knowledge of the overhead electrical wires and with at least a minimum amount of knowledge concerning their danger, would climb a tree to a point at least 26 feet above ground and come in contact with lines 33 feet above ground. There is no evidence that the defendant had knowledge that children climbed this particular tree or

that the wires were hidden from view. No claim is made that defendant, by its easement, did not have a legal right to string the wires where they were located. There was no evidence that the wires were strung in a defective fashion or that the minimum safety standards applicable to electrical transmission companies were violated. This is not a case in which the high voltage lines were strung through a tree which was easily climbable. In fact, the undisputed evidence shows a vertical clearance of 6 feet from the very top of the tree to the wires, with a full 7 feet of clearance from a point in the tree where there is even a remote possibility that anyone would stand.

Even if we consider the evidence in a light most favorable to the successful party and resolve every controverted fact in plaintiff's favor, we are unable to conclude that defendant's conduct was grossly negligent when compared with plaintiff's conduct. Because the trial court's finding that defendant's conduct was grossly negligent is clearly wrong, we are compelled to reverse the court's order.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.